## J. W. BRADSHAW ET AL. v. C. M. BUCHANAN.

1. PUNITORY DAMAGES.—Where there is no evidence tending to show that the acts complained of were done through malice, or wantonly, or with intent to harass, injure, or oppress the plaintiff, it is error to submit to the jury the question of punitory damages.
2. SAME.—See facts held not to authorize the submission to the jury of the question of punitory damages.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

C. M. Buchanan sued J. W. and Albert Bradshaw, in the District Court of Rusk county, for possession of a tract of land described in the petition, for rent, and for value of some articles of personal property alleged to have been on the premises in controversy and taken by the defendants. By amendments, it was charged that the taking by defendants was by force, wrongful, willful, and oppressive. Punitory damages were asked.

The defendants pleaded misjoinder of actions; not guilty; and, by amendment, that defendants had abandoned the land and all claim thereto; accord and satisfaction, &c.

In the testimony it appeared that J. W. Bradshaw, one of the defendants, had sold the land to one Thomas Teason on credit. Teason went into possession, built a house, and cleared and put twelve acres of the land in cultivation. The rent of the land was worth $8 per acre. January 30, 1874, Teason conveyed the land to plaintiff by a title bond, Buchanan paying $50 cash and giving his note for the remainder. Buchanan took possession of the house, and had some articles of personal property there of value of $15. He kept the key, but did not live in the house.

February 10, 1874, J. W. Bradshaw and Albert Bradshaw took possession of the house, and obtained entrance by borrowing a key from a neighbor. Before taking possession, Bradshaw had been told by Teason that he was unable to pay for the land. Teason told Bradshaw to take back the land,

Bradshaw did not know of Teason's sale to Buchanan, when defendants took possession of the land. When Bradshaw learned of Buchanan's claim, he said he (Bradshaw) "would do what was right." In the same conversation, Buchanan said: "He would have nothing more to do with the land." Part of the personal property was returned to Buchanan.

Buchanan had sued in forcible entry and detainer, and recovered judgment for the place; but an appeal had been taken. Teason also had brought a suit for possession.

The court charged the jury at great length, and submitted the question of vindictive damages.

The jury found for plaintiff $60 actual and $75 exemplary damages, upon which judgment was rendered.

Defendants appealed.

*N. G. Bagley* and *J. H. Jones*, for appellant, cited Jennings *v.* DeCordova, 20 Tex., 508; Fowler *v.* Allred, 24 Tex., 184; Kohlhass *v.* Linney, 26 Tex., 332; Garner *v.* McGowen, 27 Tex., 490; Austin *v.* Talk, 26 Tex., 130; Andrews *v.* Marshall, 26 Tex., 216; Blankenship *v.* Douglas, 26 Tex., 228; Love *v.* Wyatt, 19 Tex., 316; Grimes *v.* Hobson, 46 Tex., 416; Dangerfield *v.* Paschal, 20 Tex., 537; Hughes *v.* Lane, 6 Tex., 291; Linthicum *v.* March, 37 Tex., 350.

*Martin Casey*, for appellee.—This case is to be determined upon the law relating to a wrongful act, where the actor at the time was ignorant that he was invading the rights of others, but when informed of those rights refuses to restore the fruits of the wrongful acts, and wantonly and fraudulently retains possession of his wrongful acquisition, and appropriates it to his own use until compelled by law to make restitution.

In reply to the second assignment, and to all the others of a kindred nature, the plaintiff assumes this: Whenever the person who first acted with propriety under authority or license given by law, or by one having a right to give it,

abuses the authority or license, he becomes a trespasser *ab initio*. (2 Bouv. Law Dict., title TRESPASSER *ab initio*; 9 Bacon Abr., Bouv. ed. 1846, pp. 448, 449, and cases cited; 8 Coke, 146; 5 Taunt., 198; 7 Ad. & E., 176; 11 M. & W. Exch., 740; Hopkins *v.* Hopkins, 10 Johns., 372; Barrett *v.* Lightfoot, 1 Monr., 242.)

If a person enters a dwelling-house by permission, and continues there after he has been requested to leave it, he becomes a trespasser *ab initio*. (Adams *v.* Freeman, 12 Johns., 408.) Buchanan demanded possession.

An inspection of the plaintiff's petition and amendments will show it to be an action to recover damages for forcibly and fraudulently trespassing on the plaintiff's home and property, and not an action to try title to land.

MOORE, CHIEF JUSTICE.—This judgment must unquestionably be reversed. There is no evidence whatever in the statement of facts calling for a charge by the court on the subject of vindictive or punitory damages, or to warrant the verdict of the jury for this character of damages. There is no evidence tending to show that appellants were actuated by malice in taking and holding the house and land, as alleged by appellee, or that they did so wantonly, or with the intent to vex, harass, injure, or oppress him. On the contrary, the evidence strongly tends to show that they were actuated by no such motive. If they were, they seemed to have exhibited no outward manifestations of such feelings.

To sustain the verdict in this case would, in effect, be to hold that the jury may infer malice whenever there is evidence warranting a verdict for the plaintiff in an action of trespass *quare clausam fregit*.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.