### T. C. HELMS AND ALBERT STREIB v. A. S. CRANE.
### No. 220.

**Contracts — Consideration. —** A promise to extend a note if the debtor would pay the accrued interest, is without consideration, and can not be enforced.

ERROR from Wilbarger. Tried below before Hon. G. A. BROWN.

*Stephens & Huff* and *Morgan Bryan*, for plaintiffs in error.—By reason of the agreement to extend the note on payment of the accrued interest, plaintiff's cause of action was not due at the time of the institution of his suit, and it should have been abated. Mann v. Brown, 71 Texas, 241.

*Elliott & Sitterley*, for defendant in error.—The promise to extend the note upon payment of the interest due was without consideration and not binding. 5 Laws. Rights and Rem., secs. 2250, 2251; Bish. on Con., secs. 48, 49, 62; Brandt on Sure., sec. 306.

TARLTON, CHIEF JUSTICE.—This suit was brought March 16, 1891, by A. S. Crane against Albert Streib and T. C. Helms, to recover the amount charged to be due on a promissory note, dated January 27, 1890, due January 27, 1891, for the sum of $650, with 10 per cent interest from date, and 10 per cent additional as attorney fee if sued on. The plaintiff also sought the foreclosure of a vendor's lien on a certain lot in the town of Vernon, in part consideration of the purchase of which the note was executed by Streib to Crane.

The petition showed, that on March 4, 1890, the defendant Streib conveyed the lot in question to his codefendant, T. C. Helms, in consideration of which, among other things, Helms assumed the payment of the note, and agreed at its maturity to pay the sum due thereon to the plaintiff.

The defendants interposed a special defense, to the effect that the suit was prematurely brought, because, after the maturity of the note and after its assumption by Helms, the plaintiff, in consideration of the payment by Helms of the interest then due, agreed to extend the time of payment till May 1, 1891.

The court sustained a special exception to this defense, on the ground that the agreement relied upon was without consideration; and hearing the evidence, it rendered judgment for the amount due upon the note, with decree of foreclosure.

This action of the court we approve. In making the payment of interest referred to, the defendant Helms was only complying with an obligation already resting upon him. The promise by Crane, the plaintiff, founded upon such compliance, was therefore clearly a nudum pactum, not susceptible of enforcement. Crane received nothing for the promise except that to which he was already entitled. Bish. on Con., secs. 48, 49, 62; Yeary v. Smith, 45 Texas, 72.

The judgment is affirmed.

*Affirmed.*

Delivered September 20, 1893.