## PHŒNIX FURNITURE CO. et al. v. McCRACKEN.    (No. 1587.)

Court of Civil Appeals of Texas. Beaumont. Feb. 28, 1928.

**1. Appeal and error ⬅️500(2)—Order overruling demurrer and exceptions must appear in record.**

Unless the order of the court overruling general demurrer and special exceptions to the petition appear in the record, presumption is that they have been waived.

**2. Appeal and error ⬅️500(2)—Certified copy of docket entries held insufficient to show court's action on special exceptions to petition.**

Where defendant filed general demurrer and special exceptions to the petition, a certified copy of trial court's docket entries showing that court acted on the exceptions and overruled them is insufficient to show action of the court thereon.

**3. Trial ⬅️352(4)—Submitting special issue whether defendants took property not included in mortgage held error, where issue was not raised by evidence.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, exception to charge submitting issue as to whether defendants in repossessing furniture took articles on which they had no mortgage should have been sustained, where there was no evidence to raise such issue nor support affirmative finding thereon.

**4. Trial ⬅️352(4)—Submitting issue whether defendants entered plaintiff's premises by force and without consent held error, where there was no evidence raising issue thereof.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to submit special issue as to whether defendants entered premises by force and without plaintiff's consent, where there was no evidence raising such issue nor supporting affirmative finding thereon.

**5. Trial ⬅️352(5)—Overruling exceptions to special issue submitting several questions of fact grouped together held error (Rev. St. 1925, art. 2189).**

Where plaintiff alleged furniture company entered her apartment house and removed mort-

gaged property contrary to alleged agreement, it was error to submit special issue as to whether defendant caused other creditors of plaintiff to enter plaintiff's premises and remove goods therefrom, since it submitted several questions of fact grouped together in violation of Rev. St. 1925, art. 2189.

**6. Trial ⬅️352(4)—Submitting special issue whether defendant caused plaintiff's other creditors to remove goods held error, where issue was unsupported by evidence.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to submit special issue as to whether defendant caused other creditors of plaintiff to enter her premises and remove goods therefrom, where there was no evidence raising such issue or supporting affirmative finding thereon.

**7. Trial ⬅️352(1)—Submitting special issue whether plaintiff lost property as direct and proximate cause of defendant's wrongful act held error, issue being indefinite and uncertain.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to submit special issue as to whether plaintiff lost property as direct and proximate cause of any wrongful act of defendant, since issue was indefinite and uncertain and permitted jury to conclude generally that she suffered loss, without requiring it to be named or found as that pleaded.

**8. Trial ⬅️352(5)—Submitting special issue as to whether plaintiff lost property because of defendant's wrongful act held error, since she pleaded several separate losses (Rev. St. 1925, art. 2189).**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to submit special issue as to whether plaintiff lost property as direct and proximate cause of any wrongful act of defendant, since plaintiff had pleaded several separate and distinct losses, and issue submitted generally question of property loss without separating them as required by Rev. St. 1925, art. 2189.

**9. Trial ⬅️357—Finding of jury as to plaintiff's loss from any wrongful act of defendant cannot stand where neither pleading nor evidence sustained it.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, finding of jury in named amount on special issue as to property lost by plaintiff as direct and proximate cause of any wrongful act of defendant cannot stand where it was unsupported by pleading or evidence.

**10. Chattel mortgages ⬅️176(5)—Loss of plaintiff's equity in apartment house after furniture company's alleged wrongful repossessing furniture held too remote for recovery.**

Where plaintiff alleged furniture company entered her apartment house and removed mort-

gaged property contrary to alleged agreement, finding of jury in named amount on special issue as to whether plaintiff lost any property as direct and proximate cause of any wrongful act of defendant could not be sustained on theory that plaintiff lost her equity in her apartment house because of defendant's act, since such loss was too remote and could not have reasonably been foreseen or anticipated as natural and probable consequence of defendant's repossessing property.

**11. Chattel mortgages ⚙➡176(4)—Plaintiff's loss of equity in apartment house was not ground for sustaining jury's finding of damages where facts showed she conveyed it.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, finding of jury in named amount for loss of property to plaintiff as direct and proximate cause of any wrongful act of defendant could not be sustained on theory that she lost her equity in her apartment house, where fact showed that she conveyed it to her sister.

**12. Trial ⚙➡350(3)—Submitting special issue whether plaintiff sustained physical or mental suffering was error, where she was not present at time defendant repossessed furniture.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, submitting special issue as to whether plaintiff sustained any physical or mental suffering because of any wrongful act of defendant was error, where defendant repossessed property at time plaintiff was in a neighboring city.

**13. Trial ⚙➡352(5)—Submitting issue intermingling questions of physical injury or pain and mental injury or pain held error.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to intermingle in special issue questions of physical injury or pain or mental injury or pain to plaintiff because of alleged wrongful act of defendant, since there was no evidence raising the first question, and an answer to the second question would have required same finding as to the former, although wrongfully and erroneously included.

**14. Trial ⚙➡352(1)—Submitting special issue whether plaintiff sustained physical or mental suffering because of defendants' wrongful act placed too great burden on defendant.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to submit special issue as to whether plaintiff sustained physical or mental suffering because of defendants' wrongful act, since it placed greater burden on defendant than law required.

**15. Trial ⚙➡350(5)—Submitting special issue whether plaintiff sustained physical suffering held error, where sickness alleged as consequence was not proximate result of defendants' acts.**

Where plaintiff alleged furniture company entered her apartment house and removed mort-

gaged property contrary to alleged agreement, submission of special issue whether plaintiff sustained physical suffering because of defendants' wrongful act was error, since it was predicated on bodily sickness alleged by her, and placed greater burden on defendants than authorized by law, because injury alleged was too remote and was not natural and proximate result of defendants' acts or could reasonably have been foreseen or anticipated.

**16. Damages ⚙➡218—Refusal of charge that plaintiff could not recover for mental suffering from defendants' alleged breach of agreement, in absence of proof of violence or injury to her person held error.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, it was error to refuse defendants' charges that plaintiff could not recover for mental suffering occasioned by their acts in repossessing their furniture, in absence of proof of violence or injury to plaintiff's person.

**17. Trial ⚙➡258(1)—Defendants' requested charges announcing correct rule of exemplary damages were sufficient to call attention to omission in charge thereon, and their refusal was error.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, defendants' requested charges announcing correct rule on assessment of exemplary damages were sufficient to call court's attention to omission of charge thereon in submission of special issue as to whether plaintiff was entitled to exemplary damages against defendant, and their refusal was error.

**18. Chattel mortgages ⚙➡176(5)—Plaintiff was not entitled to exemplary damages, where acts of defendants in repossessing furniture were not malicious, wanton, or grossly negligent.**

Where plaintiff alleged furniture company entered her apartment house and removed mortgaged property contrary to alleged agreement, plaintiff was not entitled to exemplary damages where acts of defendants in repossessing their furniture were neither malicious, wanton, nor grossly negligent.

**19. Chattel mortgages ⚙➡176(1)—Mortgagor expressly waiving right of action could not sue mortgagee for repossessing furniture on default.**

Where plaintiff purchased furniture for an apartment house and gave chattel mortgage to secure price, she had no right of action against mortgagee who repossessed property, where under terms of mortgage mortgagee had right to repossess property and mortgagor had expressly waived any right of action for damages if she failed to make stipulated payments and property was repossessed.

**20. Chattel mortgages ⚙➡162—Mortgagee having right to possess mortgaged property on default cannot be guilty of trespass or conversion in peaceably exercising right.**

Mortgagee having right under mortgage to take possession of mortgaged property on default of mortgagor to make payment of install-

---

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment due for price cannot be guilty of trespass or conversion in peaceably exercising such right.

**21. Contracts ⊕⇒85—Alleged agreement of mortgagee not to repossess property in mortgagor's absence being a nudem pactum held not binding.**

When furniture was purchased on the installment plan and a chattel mortgage given by purchaser to secure the price, since mortgagor was in default in making installment payments for more than five months, alleged agreement of mortgagee not to repossess furniture during mortgagor's absence from the city was a nudem pactum and without consideration, and hence not binding on mortgagee.

**22. Contracts ⊕⇒85—Breach of mere nudem pactum cannot inflict injury capable of legal redress.**

The breach of what is a mere nudem pactum cannot inflict an injury capable of legal redress, because it is not in violation of any legal right.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by Mrs. M. L. McCracken against the Phœnix Furniture Company and others. From a judgment for the plaintiff, defendant Jones-O'Neal Furniture Company, a copartnership, appeals. Reversed, and judgment rendered for named defendant.

Conley, Renfro & Keen, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

O'QUINN, J. Originally this suit was instituted by Mrs. M. L. McCracken against the Phœnix Furniture Company, the Riggs Furniture Company, the Beaumont Gas & Light Company, and the Jones-O'Neal Furniture Company, for damages. The suit was filed August 27, 1923, and was tried February 19, 1927. All the defendants were dismissed from the suit other than Jones-O'Neal Furniture Company, a partnership composed of John L. Jones, E. O. O'Neal, and J. A. Allen. For cause of action Mrs. McCracken alleged that she was the owner of a residence in the city of Beaumont, and that she rented a portion of her said residence as apartments, applying a portion of the rents received therefor upon the purchase price of her said property, which facts she alleged were known to appellant; that she bought furniture from the several defendants named in her original petition and in the amended petition upon which she went to trial, to be paid for on the installment plan, and gave a mortgage on said furniture to secure the payments for same; that the mortgages provided that if and when she failed to pay any of the installments as they matured, the mortgagees had the right to take and repossess the mortgaged property wherever

found, with or without legal process. She further alleged that prior to May 5, 1923, she was in poor health, which fact was known to appellants, and that on or about May 4, 1923, she made an agreement with the agent of Jones-O'Neal Furniture Company that said company was to furnish her with an itemized statement of her account with them, and that she was going to Orange in the meantime and would settle with them on her return, and that said Jones-O'Neal Furniture Company promised and agreed with her that no demand for payment would be made and no action taken to repossess the furniture from her until said itemized statement of her account was made up and delivered to her. She further alleged:

"That at said time she did not know the exact status of her accounts with the several defendants respectively, and the balance due and owing on said accounts, and she requested said defendants, and particularly and specifically the defendant Jones-O'Neal Furniture Company, through their said agent, on the last abovementioned date, to make her an itemized statement of said accounts, and advised them and each of them at said time that upon receipt of such itemized statements she would make a substantial payment on each of said accounts, explaining fully to them and each of them, and particularly and specifically to defendant Jones-O'Neal Furniture Company, through their said agent, her circumstances and the source from which she looked and expected to get funds with which to make such payments, and advised them and each of them, particularly and specifically the said Jones-O'Neal Furniture Company, that she was in the meantime going to Orange, but would return in a few days, not exceeding ten days, and while said mortgages gave defendants the right to take and repossess the property covered thereby if and when she defaulted in her payments, with or without legal process as above alleged, * * * the said defendants and each of them, and particularly and specifically the defendant Jones-O'Neal Furniture Company, through its said agent, promised and agreed to make up and deliver to her the itemized statements of their respective accounts and did promise and agree with her that no demand for payments of said accounts would be made, and no action of any sort with reference to them and said mortgage would be taken until said statements of accounts were made up and delivered to her, and until her return from Orange within a few days, which was not to exceed ten days," etc.

She further alleged that on May 5, 1923, the day after she had gone to Orange and the day after defendants had made the promises and agreements above alleged, the appellants Jones-O'Neal Furniture Company, acting jointly with the other furniture companies, and in fact causing the other furniture companies to act, took advantage of her absence and maliciously and wantonly entered her residence and apartment house and removed all of the mortgaged property,

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

together with a number of items of her own personal property, upon which they had no mortgage, enumerating same. She further alleged that, her apartments being stripped of all furniture, her tenants left, and she suffered a severe mental shock and became dangerously ill and was unable to meet the payments on her said residence and apartment house, by reason of which her said house was taken from her, all of which sickness and loss of property she alleges was the direct and proximate result of the wrongful act of appellants, by reason of which she suffered actual damages in the sum of $10,-000 for mental and physical suffering, damages for property taken and converted which was not mortgaged to defendants in the sum of $227.50, damages for loss of her apartment house in the sum of $4,000, and exemplary damages by reason of the alleged malicious, illegal, and wanton acts of appellants in the sum of $5,000; for all of which she prayed judgment.

Appellants answered by plea of misjoinder of parties, general demurrer, numerous special exceptions, general denial, and special plea setting out their various transactions with appellee, pleading their mortgage and that the debt of appellee owing to them was long past due, and their exercise, under the terms of the mortgage, of the right to repossess the goods sold to appellee and sell same for the payment of their debt.

The court in his charge defined "proximate cause," "malice," "exemplary damages," and instructed the jury that exemplary damages could not be awarded unless actual damages were found, and submitted the cause to the jury upon the following special issues. The answers of the jury will be stated following each issue. The issues and answers are:

"Special issue No. 1: Did the defendant Jones-O'Neal Furniture Company repossess the furniture under the terms of its contract?" The jury answered: "No."

"Special issue No. 2: Did the Jones-O'Neal Furniture Company repossess their furniture with the consent of Mrs. M. L. McCracken?" The jury answered: "No."

"Special issue No. 3: In removing furniture from the premises of the plaintiff, did the Jones-O'Neal Furniture Company, defendant, take any articles which said company had sold the plaintiff and on which it had no mortgage?" The jury answered: "Yes."

"Special issue No. 4: If you have answered 'Yes' to the foregoing issue, then what was the value of such articles?" The jury answered: "$10 for coal heater."

"Special issue No. 5: Did the Jones-O'Neal Furniture Company, the defendant, enter the premises of the plaintiff by force and without the consent of the plaintiff and remove the furniture therefrom?" The jury answered: "Yes."

"Special issue No. 6: Did the plaintiff agree with the agent of the defendant, Crouch, that on May 1, 1923, she would deliver said furniture to the defendant on which the defendant held a mortgage?" The jury answered: "No."

"Special issue No. 7: Did the defendant's agent, Crouch, and the plaintiff agree on May 4, 1923, that no action would be taken with reference to the furniture until after plaintiff could return from Orange, within ten days?" The jury answered: "Yes."

"Special issue No. 8: Did the Jones-O'Neal Furniture Company, the defendant in this case, cause the gas company, the Phœnix Furniture Company, and the Riggs Furniture Company, all or any one of them, to enter plaintiff's premises and remove goods therefrom which they, or either of them, had a mortgage or which was not paid for?" The jury answered: "Yes."

"Special issue No. 9: Did Jones-O'Neal Furniture Company, the defendant here, repossess the property which they removed in a peaceable manner?" The jury answered: "No."

"Special issue No. 10: Did the said Jones-O'Neal Furniture Company, the defendant herein, or their agents or servants, in removing said property, do any wrongful act and willful act intended to wound the feelings of the plaintiff and produce mental suffering; or any act from which such result should be reasonably anticipated as a natural consequence?" The jury answered: "Yes."

"Special issue No. 11: Did the plaintiff lose any property as a direct and proximate cause of any wrongful act of the said Jones-O'Neal Furniture Company?" The jury answered: "Yes."

"Special issue No. 12: If you answer 'Yes,' then state the value of such property so lost to her, if any." The jury answered: "$2,250."

"Special issue No. 13: Did the plaintiff sustain any physical or mental suffering by reason of any wrongful act of the said Jones-O'Neal Furniture Company?" The jury answered: "Yes."

"Special issue No. 14: If you answer 'Yes' to the foregoing issue, then what amount for such mental and physical suffering, if any, do you find that she sustained?" The jury answered: "$3,000."

"Special issue No. 15: Do you find that the plaintiff is entitled to exemplary damages against the defendant?" The jury answered: "Yes."

"Special issue No. 16: If you answer the foregoing issue 'Yes,' then state what amount." The jury answered: "$2,000."

Upon the answers of the jury judgment was entered for appellee in the sum of $7,-250. Motion for a new trial was overruled, and the case is before us for review on appeal.

[1, 2] Appellant's propositions Nos. 1 to 8 inclusive, complain that the court erred in overruling their general demurrer and certain special exceptions to appellee's petition. Appellee objects to our considering these propositions for the reason that it does not appear from the record that they were ever called to the attention of the court, or that the court acted on same. This objection will have to be sustained. The order of the court overruling the demurrer and exceptions must appear in the record or they will be presumed to have been waived. Texas Employers' In-

surance Ass'n v. Wright (Tex. Civ. App.) 297 S. W. 764; Bonner v. Glenn, 79 Tex. 531, 15 S. W. 572; Reeh v. Reeh (Tex. Civ. App.) 288 S. W. 276. There is in the record a certified copy of the trial court's docket entries showing that the court acted upon the several exceptions and overruled same. This is not sufficient. The action of the court cannot be thus shown. Swearingen v. Wilson, 2 Tex. Civ. App. 157, 21 S. W. 74; Massie v. Bank, 11 Tex. Civ. App. 280, 32 S. W. 797; Cow Bayou Canal Co. v. Orange County (Tex. Civ. App.) 158 S. W. 173; Noblett v. Olive (Tex. Civ. App.) 259 S. W. 305; Williams v. Trinity Gravel Co. (Tex. Civ. App.) 297 S. W. 878.

[3] Appellants' exception to the court's charge submitting special issue No. 3 as to whether appellants, in repossessing their furniture, took any articles which they had not sold to appellee, and on which they had no mortgage, should have been sustained, because there was no evidence raising such issue, nor any to support an affirmative finding thereon by the jury.

[4] Appellants' exception to special issue No. 5 of the court's charge, as to whether appellants entered the premises of appellee by force and without her consent, should have been sustained, because there was no evidence raising the issue of entry by force and none to support an affirmative finding to that effect by the jury.

[5, 6] Appellants' exception to special issue No. 8 submitted in the court's charge, as to whether the Jones-O'Neal Furniture Company, appellants, caused the "gas company, the Phœnix Furniture Company, and the Riggs Furniture Company, all or either one of them, to enter plaintiff's premises and remove goods therefrom which they, or either of them, had a mortgage on, or which was not paid for," should have been sustained, because: (a) It submitted several questions of fact grouped together in violation of article 2189, R. C. S. 1925. It was a separate question of fact as to whether appellants caused either of the named companies to act as alleged. (b) There was no evidence raising the issue and none to support an affirmative finding thereon by the jury.

[7] The court submitted special issue No. 11, to wit:

"Did plaintiff lose any property as a direct and proximate cause of any wrongful act of said Jones-O'Neal Furniture Company?"

[8-11] Appellants excepted to this issue, on the grounds: (a) That same was indefinite and uncertain; (b) that it tended to mislead and confuse the jury; (c) that there was no evidence raising such issue; (d) that it did not confine the jury to the pleadings in the case; and (e) that it intermingled material issues of fact without permitting the jury to answer each material issue of fact separate and apart from the other. We think this exception should have been sustained. The issue was indefinite and uncertain. It did not require the jury to find whether appellee had lost any certain property, had suffered any of the losses pleaded, but permitted the jury to conclude generally that appellee had suffered loss without requiring the loss to be named or found as that pleaded by appellee. Further, as appellee had pleaded several separate and distinct losses and prayed for judgment for same, it submitted generally the question of property loss without separating them as required by the special issue statute, article 2189, R. C. S. In answer to this issue the jury found the sum of $2,250. It is a matter of conjecture on what pleading of plaintiff, or what evidence, if any, or what property alleged to have been lost, that the answer of the jury was based. We have been unable to put our finger upon any pleading or evidence to sustain said finding, and therefore say that same is without support in either. If it may be said that this sum was found as damages for appellee's alleged loss of her equity in her apartment house, then it could not be sustained, for such loss would be too remote—could not be held to be such loss or damage as might have been reasonably foreseen or anticipated as the natural and probable consequence of the act of repossessing the property. 17 C. J. 741, § 75; Turner v. Strange, 56 Tex. 141; Railway Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Spaeth v. Bevering (Tex. Civ. App.) 290 S. W. 803. Moreover, the record does not sustain the finding as for the loss of appellee's equity in her apartment house. The undisputed evidence shows that no lien was ever foreclosed on the house or that any forcible act was done to compel her to give up said house; but to the contrary, she admits that she conveyed the house to her sister, who, in turn, conveyed same to their mother, and the undisputed evidence further shows that at the time of the trial her mother was still the owner of same and in possession thereof.

[12] Special Issue No. 13 submitted in the court's charge is:

"Did the plaintiff sustain any physical or mental suffering by reason of any wrongful act of said Jones-O'Neal Furniture Company?"

[13-15] This issue was duly excepted to by appellants on the grounds, among others: (a) That it intermingled separate questions of fact; and (b) that it placed a greater burden upon them than authorized or required by law. We think this exception to the charge should have been sustained. It is unquestioned that in repossessing the property no personal or physical injury was done to Mrs. McCracken; in fact, it is without dispute that she was not present at

the time, but was in the neighboring city of Orange. It was error to intermingle the questions of physical injury or pain, and mental injury or pain. There was no evidence raising the first, and an answer to the latter, under the issue as submitted, would have required the same finding as to the former, although wrongfully and erroneously included in the question. Moreover, we think that the exception and objection to the issue that it placed a greater burden on the defendant than required by law was well taken. The rule seems to be well settled that in actions for damages based upon the tortious acts of a defendant to a plaintiff's property but no physical injury to plaintiff, mental suffering is not an element of actual damages. Crawford v. Doggett, 82 Tex. 139, 17 S. W. 929, 27 Am. St. Rep. 859; Railway v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866; Williams v. Yoe, 19 Tex. Civ. App. 281, 46 S. W. 659; Trawick v. Martin Brown Company, 79 Tex.. 460, 14 S. W. 564; Dunn v. Wilkerson (Tex. Civ. App.) 203 S. W. 59. If it be contended that the physical suffering mentioned in the charge was based upon or meant the bodily sickness alleged by appellee, then we think the charge was error and placed a greater burden on appellants than authorized by law, in that said injury alleged was too remote and could not be said to be the natural and proximate result of any act alleged to have been committed by appellants, nor could same have been reasonably foreseen or anticipated by appellants as such. Seale v. Gulf, C. & S. F. R. Co., 65 Tex. 274, 57 Am. Rep. 602; Railway v. Bigham, 90 Tex. 223, 38 S. W. 162; Reynolds v. Railway, 101 Tex. 2, 102 S.˙ W. 724, 130 Am. St. Rep. 799.

[16] Appellants presented and requested the giving of their special charges Nos. 2 and 3, each to the effect that appellee could not recover actual damages for mental suffering occasioned by the act of appellants in repossessing their furniture in the absence of proof of violence or injury to the person of appellee. These special charges were refused. This was error. Authorities cited, supra.

[17] Special Issue No. 15, submitted by the court, is:

"Do you find that the plaintiff is entitled to exemplary damages against the defendant?"

The jury answered this issue "Yes," and in answer to special issue No. 16 they found the amount of exemplary damages to be $2,-000. The court in his charge defined "malice" and "exemplary damages," but there was no explanation or instruction informing the jury upon what character of act or acts such damages could be based. To supply this need appellants requested the giving of

their special requested charge No. 1, as follows:

"Gentlemen of the jury, You are instructed that before you can assess exemplary damages you must believe and find from a preponderance of the evidence that in repossessing the furniture the Jones-O'Neal Furniture Company, through its agents, acted and was actuated by some evil intent or with such gross negligence and disregard of the rights of plaintiff, Mrs. M. L. McCracken, as is deemed equivalent to such evil intent."

This was refused. Appellants then presented their special requested charge No. 4, to wit:

"Gentlemen of the jury, You are instructed that the intentional doing of a wrongful act without justification or excuse is ordinarily malicious, but although an act may be intentional and may result in a wrong, yet exemplary damages should not be awarded when it appears that there was no actual intention to invade any right; and before you can assess exemplary damages against the Jones-O'Neal Furniture Company, defendant, you must find and believe from a preponderance of the evidence that the Jones-O'Neal Furniture Company in repossessing its furniture acted with the intent to harm and invade the right of the plaintiff, Mrs. M. L. McCracken.

"It is not enough that you should believe and find from a preponderance of the evidence that the act resulted in a wrong and even an injury to the plaintiff; you must find and believe from a preponderance of the evidence that the Jones-O'Neal Furniture Company acted with the intent to invade some right of plaintiff and with some bad motive or such reckless conduct, either intentional or grossly negligent, as shows a conscious disregard of the rights of another, or that the acts were such as that a reasonably prudent person would say that the Jones-O'Neal Furniture Company acted with the intent to invade some right."

[18] This was refused. We think both of these requested charges announce the correct rule, and that they were sufficient to call the court's attention to the omission of such instructions from his charge and the refusing of same was error. We are also of the opinion that the finding of the jury that appellee was entitled to exemplary damages is without support in the evidence. For the acts of appellants to have been such as to warrant exemplary damages, they must have been malicious, wanton, or grossly negligent, and in our opinion there is no evidence tending to show such. Bradshaw v. Buchanan, 50 Tex., 492; Connor v. Sewell, 90 Tex. 275, 38 S. W. 35; Bassham v. Evans (Tex. Civ. App.) 216 S. W. 451.

[19] We come now to discuss the proposition as to whether appellee is entitled to recover at all. At the close of the evidence appellants requested the court to give their special charge for an instructed verdict, which was refused. They also requested the court to give their special charge No. 5, to the effect that as the undisputed evidence

showed the debt of appellee to appellants to be past due and that the mortgage given appellants by appellee on the furniture to secure the payment of the debt provided that failure to pay any installment when due gave appellants the right to repossess the furniture, with or without legal process, if in repossessing the furniture appellants committed no act of violence or breach of the peace, they would not be liable to any one in damages. This was, in effect, a charge also for an instructed verdict, as there was no proof of any violence or breach of the peace. This charge was also refused. After careful consideration we have concluded that the court erred in refusing appellant's requested charge for an instructed verdict. The allegations of appellee's petition show that this suit grew out of appellants' repossessing furniture sold by them to appellee to be paid for on the monthly installment plan, and that she executed a mortgage on said furniture to secure the payments for same. Said mortgage contained a provision that:

"If said mortgagor shall fail to pay any installment as it becomes due, then all of said installments shall at once become due and payable, and said mortgagor or its representative shall have the right and is hereby authorized and empowered to take possession of said goods and chattels with or without process of law— said mortgagor hereby waiving any claim or action for trespass or damages on account of said taking—and to sell, etc."

[20] The undisputed evidence shows that at the date appellants repossessed the property, May 5, 1923, Mrs. McCracken owed $359.35 that was past due; that she had made no payments for January, February, March, April, or May, 1923, and that the last payment made by her was on November 22, 1922, although constant and repeated demands had been made by appellants for payment as the installments fell due. Under the terms of the mortgage, appellants had the right to repossess the property, and appellee had expressly waived any right of action or for damages in the event she failed to make the stipulated payments and the property was repossessed. It is well-settled law that a mortgagee having the right under the terms of his mortgage to take possession of the mortgaged property upon default of the mortgagor to make payment of any installment due for the purchase price of the mort-

gaged property cannot be guilty of any trespass or for conversion in peaceably exercising such right. Singer Sewing Machine Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Lipper v. McClain (Tex. Civ. App.) 223 S. W. 349; Wedig v. San Antonio Brewing Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567, 570; Betty v. Tuer (Tex. Civ. App.) 292 S. W. 271; Piano Co. v. Elliott (Tex. Civ. App.) 166 S. W. 29 (31); Nichols v. Paine, 52 Tex. Civ. App. 87, 113 S. W. 972 (writ refused).

[21, 22] But appellee says that appellants agreed with her that they would not make any demand for past-due installments nor take any action as to repossessing the mortgaged property until after they had furnished her with an itemized statement of her account, and not until after her return from Orange, which was to be some ten days after the making of said agreement, and that she went to Orange on May 4, 1923, and the next day, May 5, 1923, appellants, without any notice to her, went to her apartment house and took away the furniture, thus causing her tenants to vacate and occasioning the damages she alleged, and that by reason of appellants' breaching their said agreement she is entitled to recover her alleged damages. Appellants denied that they made any such agreement as was alleged, but the jury found they did. However, if the agreement was made, it was a mere nudum pactum, for in that it was without consideration for the promise to wait for a period of ten days before repossessing the property, and therefore not binding upon appellants. The breach of what is a mere nudum pactum cannot inflict an injury capable of legal redress, because it is not in violation of any legal right. Travis v. Duffau, 20 Tex. 49; Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Gibson v. Irby, 17 Tex. 173; Helms v. Crane, 4 Tex. Civ. App. 89, 23 S. W. 392; Krueger v. Klinger, 10 Tex. Civ. App. 576, 30 S. W. 1087; Norris v. Graham (Tex. Civ. App.) 42 S. W. 575; Wells v. Moor, 42 Tex. Civ. App. 47, 93 S. W. 220.

Believing that the court erred in refusing appellants' requested charge for an instructed verdict, the judgment of the trial court will be reversed and judgment here rendered for appellants.

Reversed and rendered.