## HOFFER OIL CORPORATION v. HAYNES.

### No. 7437.

Court of Civil Appeals of Texas. Austin.
April 23, 1930.

Rehearing Denied May 21, 1930.

H. A. Turner, of Fort Worth, for appellant.

A. O. Newman and W. Marcus Weatherred, both of Coleman, for appellee.

McCLENDON, C. J.

Appeal from a judgment in favor of H. R. Haynes against Hoffer Oil Corporation in a suit for labor performed and material furnished in the drilling of an oil well.

The Hoffer Corporation had a contract with McFarland to drill the well. Haynes had furnished material and performed labor for McFarland, and McFarland owed him several hundred dollars when McFarland left the job. At this juncture Boyer, who was field agent for the Hoffer Corporation, employed Haynes and other laborers to continue the work for a period of four days, for which services the Hoffer Corporation paid Haynes and the other workmen. At the end of this four days, McFarland returned. The work-

men did not care to continue longer on the job in McFarland's employ, and Boyer proposed to them that, if they would complete the well, the Hoffer Corporation would see that they were paid. Some of the workmen declined to perform any further labor unless money for their services was actually deposited in the bank. Haynes stated, however, that McFarland owed him so much money he could not afford to quit, and, if the Hoffer Corporation would see that he was paid, he would continue. Under this arrangement Haynes worked on the job until the well was completed.

The controlling question in the case is whether the agreement made by Boyer was within the statute of frauds (Rev. St. 1925, art. 3995).

The case, in our opinion, is clearly ruled by the decision in Housley v. Strawn Merchandise Co. (Tex. Com. App.) 291 S. W. 864, which holds under an analogous state of facts that the promise relied on was not an independent one made in the interest of the promisor, but was in effect an agreement to answer for the debt of another, and therefore within the statute of fraud, regardless of the benefit which the promisor personally derived therefrom, or the detriment suffered by the promisee. While the language used in the negotiations between Boyer and Haynes (which we give only in substance) is slightly different from that in the Housley Case, the situation of the parties was the same, and the effect of the entire transaction was no different.

The facts do not present any misrepresentation or deceit practiced by Boyer upon Haynes. The issue is purely one of failure to perform a verbal promise to answer for the debt of another, which clearly comes within the statute. The recent case of Development Co. v. Toney (Tex. Civ. App.) 15 S.W.(2d) 688, by the Beaumont court, is practically on all fours.

The trial court's judgment is reversed, and judgment is rendered in favor of appellant.

Reversed and rendered.