## FOSTER v. SPENCER et al.
### No. 4084.

Court of Civil Appeals of Texas. Texarkana. March 2, 1932.

Rehearing Denied March 10, 1932.

ˋMcDonald & Floyd, of Fort Worth, for appellant.

Samuels, Foster, Brown & McGee and Levy & Evans, all of Fort Worth, and Baker, Botts, Parker & Garwood, of Houston, for appellees.

SELLERS, J.

This was a suit by the appellant, James C. Foster, Jr., brought in the district court of Tarrant county to recover of Charles F. Spencer, Mrs. Marshall Spoonts, and Dan E. Lydick, in his capacity as administrator of the estate of Marshall Spoonts, deceased, the appellees herein, the sum of $12,500. When the case was called for trial, the court sustained general demurrers and certain special exceptions of appellees to the appellant's petition. Appellant refusing to amend his petition, the cause was dismissed, from which order the appellant has duly prosecuted this appeal.

The appellant in his petition alleged three separate agreements as a basis of his right to recover against the appellees. The first of these was executed by Marshall Spoonts on January 31, 1921, and this instrument and certain amendments thereto were recorded in the deed records of Tarrant county, and a copy of which was also attached as exhibits to appellant's petition by the terms of which there was created a so-called trust estate which was designated and known as the Oil Operators' Trust. The instruments named Marshall Spoonts trustee, and was to continue for a period of fifty years. The purpose of the trust agreement, as expressed, was to raise a fund to be used for making investments in oil properties and its allied industries. It provided that the trustee should have absolute control of the fund to invest and reinvest as to his judgment should seem proper, except that his actions were to have the approval of a board of advisors composed of himself as trustee and two other men, one of whom was the appellant herein. The amount of the fund sought to be raised was $5,000,000. This amount was to be raised by issuing profit-sharing certificates to those contributing to the fund for the amount so contributed. It is provided that the trustee should have no direct interest in the principal of the trust fund and should receive no salary or fixed compensation from such fund, but should receive one-half of whatever profits are earned with such fund. It is provided that the trustee and board of advisors therein named should serve during the life of the trust, unless removed by death, resignation, disability, or breach of trust; and providing that, should a vacancy occur in the office of trustee, a substitute trustee should be appointed by the board of advisors, which appointment should be in writing and recorded in the deed records of Tarrant county; and, further, when a substitute trustee was so appointed, he would immediately take over the rights, titles, etc., held by the original trustee, and should receive for compensation for his services the same compensation as that provided for the original trustee. There are many other provisions contained in these instruments, but the above are deemed a sufficient statement of the provisions therein contained to make clear the questions to be disposed of in this appeal.

The second agreement alleged is one between Marshall Spoonts and the appellant made on May 11, 1922, some sixty days after appellant had resigned as a member of the advisory committee. The conditions of this agreement were contained in a letter from Spoonts to appellant, and, as alleged, is as follows:

"Mr. Jas. C. Foster, Jr., Fort Worth, Texas. "Dear Jim: Confirming our understanding, and in consideration of your various advances

of money to me, and your services rendered, I hereby assign to you and agree that you shall have an equal one-half interest in all money or property which I may, at any time, be entitled to receive from the Oil Operators Trust, and that you shall share equally with me any personal interest of mine in the Trust or its assets, present or future.

"It is understood between us, and I agree, that I will not make any other disposition of any interest which I have, or may have, in the Oil Operators Trust or its assets without your approval and consent.

"[Signed]          Marshall Spoonts."

The petition, after setting out the above two agreements, contains allegations to the effect that Mrs. Marshall Spoonts had full knowledge of the agreement between her husband and this appellant; and it is further alleged that Marshall Spoonts resigned as trustee of the Oil Operators' Trust on April 24, 1923; a copy of his resignation being attached to the petition, and is as follows:

"Marshall Spoonts    Resignation as Trustee
                  Dated April 24th, 1923
                  Filed April 25th, 1923
    to            Recorded in Book 769, p. 346
                  Deed Records, Tarrant County, Texas.
The Public
                  Marshall Spoonts,
                  Fort Worth, Texas.
                  April 24, 1923.

"To the Members of the Advisory Board for the Oil Operators Trust:

"Gentlemen: In view of the fact that indictment was returned against me by the Grand Jury recently sitting in Fort Worth, I consider it advisable at this time to tender to you my resignation as Trustee of the Oil Operators Trust, which resignation I would like to be effective immediately, this 24th day of April, A. D. 1923.

"Very sincerely yours,

"Marshall Spoonts, Trustee, "Oil Operators Trust."

It is further alleged that the Board of Advisors duly appointed Charles F. Spencer as substitute trustee. A copy of the instrument appointing the substitute trustee is attached to the petition and is as follows:

"W. G. Sandford,    Appointment of Trustee
F. E. Bartelt,      Dated April 25th, 1923
Board of Advisors  Filed April 25th, 1923
                  Recorded in Book 773, p. 223
    to             Deed Records, Tarrant County, Texas.
Charles F. Spencer

"That we, the undersigned, W. G. Sandford and F. E. Bartelt, being all the members of the Board of Advisors of the Oil Operators Trust, pursuant to the authority vested in us by the original Declaration of Trust for the Oil Operators Trust and all amendments thereto Marshall Spoonts, the original trustee for the Oil Operators Trust having resigned and ceased to act as such trustee, do hereby nominate and appoint the Hon. Charles F. Spencer to be trustee for the said Oil Operators Trust, in place and stead of the said Marshall Spoonts resigned, and we declare by virtue of the said authority so vested in us that the said Hon. Charles F. Spencer shall forthwith succeed to and become entitled to all the rights, duties and privileges of the original trustee named in the said original Declaration of Trust and all amendments thereto and shall be vested with all the titles, powers and authorities of the said Marshall Spoonts, the original Trustee for the said Oil Operators Trust.

"W. G. Sandford
"F. E. Bartelt
        "Board of Advisors.

(This was followed by an acknowledgment)

"I hereby accept the appointment as Trustee for the Oil Operators Trust and declare that in the exercise of the rights, duties and privileges as such trustee I am and will be bound by all the provisions of the original Declarations of Trust and all amendments thereto.

        "C. F. Spencer."

The third alleged agreement was between Marshall Spoonts and Charles F. Spencer, which, as alleged in paragraph 4 of appellant's petition, is as follows: "It was expressly agreed between Chas. F. Spencer and Marshall Spoonts that the defendant, Spencer, should perform the duties of trustee and manager of the Oil Operators Trust until such time as the cloud cast upon the reputation of the officials of the company was cleared away, when he should turn over the management and control of the company to the officials thereof, and that he, Spencer, should hold in trust for Marshall Spoonts and for the plaintiff herein, all moneys that he as trustee and manager of the Oil Operators Trust should receive. In consideration of his services to be rendered as trustee and manager of the Oil Operators Trust, it was agreed that the defendant, Spencer, should receive a reasonable compensation."

It was then alleged that Marshall Spoonts died June 3, 1923, and the administration of his estate is now pending in the probate court of Tarrant county.

The petition further alleges that Charles F. Spencer entered upon the duties as trustee of the Oil Operators' Trust, by virtue of his appointment by the board of advisors and his agreement with Marshall Spoonts, and continued as such trustee until about May, 1926, when the Oil Operators' Trust was incorporated under the laws of Arizona, and three hundred shares of the new corporation stock were issued to Charles F. Spencer in satisfaction of the amount due Charles F. Spencer by the Oil Operators' Trust for his services as trustee; that Spencer knew of the agreement between Spoonts and the appellant; that un-

der the agreement between Spencer and Spoonts, and on April 24, 1923, when Spencer became trustee of the Oil Operators' Trust, he was obligated to hold said stock issued him by the new corporation in trust for the benefit of appellant and the estate of Marshall Spoonts, deceased, but that Spencer sold said stock and converted it into money, and refused to pay any part thereof to appellant.

The cause of action as alleged against Mrs. Marshall Spoonts is substantially as follows: That she and the plaintiff Spencer have conspired in an effort to defraud the plaintiff out of his interest in the trust; that about June, 1926, she and Spencer entered into a contract which provided that he should pay her one-third of the proceeds of the three hundred shares of stock that he received from the Arizona corporation, such payment to be made to her in consideration of the fact that she was the surviving wife and heir of Marshall Spoonts, and because Marshall Spoonts was entitled to one-half the profits, etc. It is alleged that Spencer sold the stock for $75,-000 and paid Mrs. Spoonts $25,000, and plaintiff seeks to recover one-half of the sum paid her.

The petition closes with a prayer for judgment against Spencer and Mrs. Spoonts for the sum of $12,500, and for an accounting by Spencer for all of the moneys received by him as trustee for the Oil Operators' Trust, and that appellant have judgment against him for one-half of whatever sum Spencer received as his compensation as trustee of the Oil Operators' Trust, less a reasonable amount to be allowed Spencer for his services as such trustee.

■ It will be observed at the outset that the assignment by Marshall Spoonts to the appellant conveyed a one-half interest in whatever amount Marshall Spoonts might at any time be entitled to receive from the Oil Operators' Trust, and it will also be noted that the trust agreement provided that Spoonts should not have any interest in the trust fund itself, but his interest was limited to one-half the profits when earned; and there is no allegation in the petition that any profits had been earned by the Oil Operators' Trust at the time of Marshall Spoonts' resignation as trustee, therefore, under the allegations of the appellant's petition, Marshall Spoonts was not entitled to receive anything from the Oil Operators' Trust when he resigned as trustee, nor did he have any interest in the trust estate.

■■ If appellant has any right to recover upon this petition, it must find support in the alleged agreement between Marshall Spoonts and appellee Charles F. Spencer. When the alleged allegations of this oral agreement are analyzed, there is no escape from the conclusion that no consideration whatever was given by Marshall Spoonts to Charles F. Spencer for Spencer's promise to turn over to Spoonts any part of the profits he (Spencer) was entitled to receive from the Oil Operators' Trust as its duly and legally appointed substitute trustee. The breach of what is a mere nudum pactum cannot inflict an injury capable of legal redress because it is not in violation of any legal right. Phœnix Furniture Co. v. McCracken (Tex. Civ. App.) 3 S.W.(2d) 545, and cases therein cited.

Marshall Spoonts not being entitled to recover any amount from the Oil Operators' Trust or from the appellee Charles F. Spencer, it follows, in our opinion, that the $25,000 alleged to have been paid to Mrs. Spoonts by Charles F. Spencer should be treated as a mere gratuity, and, as such, appellant would not be entitled to any part of the same, since his rights to recover are limited to one-half of such funds as Marshall Spoonts might be entitled to recover from the Oil Operators' Trust.

We are of the opinion that the court did not err in sustaining the general demurrers of appellee and dismissing this cause from its docket.

The judgment is affirmed.