### THROCKMORTON v. ROBINSON.

No. 9583.

Court of Civil Appeals of Texas. San Antonio. May 29, 1935.

Myrick & Johnson, of Harlingen, for appellant.

J. I. Coursey, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, A. A. Robinson, against Dr. W. W. Driscoll and Emma D. Throckmorton seeking to recover the sum of $422.05 alleged to be the amount due him for material furnished and work done in repairing storm damage to a house located on lot 6, block 102, original townsite of Harlingen, Cameron county, Tex.

Dr. Driscoll had originally occupied this house as the homestead of himself and family. On July 24, 1933, Mrs. Throckmorton, the appellant herein, and Dr. Driscoll entered into a contract agreeing to exchange certain property whereby Mrs. Throckmorton was to become the owner of the house and premises located on lot 6, block 102, in Harlingen. The contract provided that possession should be given on August 19, 1933. Deeds were not, in fact, executed and delivered until September 19, 1933, but Dr. Driscoll testified that he considered the deal closed on August 19, 1933, and collected rents from the property he was receiving and paid rent for his continued occupancy of the house on lot 6, block 102.

On September 10, 1933, Dr. Driscoll entered into an agreement with appellee, A. A. Robinson, to make repairs on the house on lot 6, agreeing to pay him the cost of material and labor, plus 10 per cent. The work was done by Robinson, between September 11 and 15, 1933. Dr. Driscoll did not pay for this work upon completion, giving as his reason. that he had not yet collected his storm insurance, but stated that he would do so as soon as he received the insurance money. Some time later, Robinson discovered that the property had been conveyed to Mrs. Throckmorton and took the matter up with her, telling her that unless he was paid he would file a mechanic's lien against the property. Mrs. Throckmorton asked him not to do this, stating that she

696 of the opinion

did not want any lien filed, or any court proceedings, and did not want any person to do work on property belonging to her without being paid therefor; that, if he would not file a mechanic's lien, she would see that he got his money, but she wanted to get the insurance money from Dr. Driscoll first. Relying upon this promise by appellant, Robinson did not file a mechanic's lien, and permitted the 120-day period after the completion of the work to expire without filing any mechanic's lien against the property.

Appellee, Robinson, asked for a personal judgment against both Dr. Driscoll and Mrs. Throckmorton and for a foreclosure of a constitutional lien against the property. Mrs. Throckmorton interposed a plea of the statute of frauds as to her parol agreement to see that Robinson was paid, also pleading a want of consideration to support such agreement, and further asking that, in the event she be held liable, she be given judgment over and against Driscoll for any sums that she might be required to pay by reason thereof.

The trial was before the judge without the intervention of a jury, and resulted in judgment in favor of appellee in the sum of $430.49, against both Dr. Driscoll and Mrs. Throckmorton, and judgment in favor of Mrs. Throckmorton against Dr. Driscoll for any and all sums that she might be required to pay by reason of such judgment. The foreclosure of any lien was denied. Mrs. Throckmorton alone has appealed.

There was no request for findings of fact and conclusions of law by the trial court, and none were made.

This appeal presents two questions, namely: (1) Was there sufficient consideration to support appellant's promise to see that Robinson was paid? (2) Was appellant's oral agreement to see that appellee was paid void as being within the statute of frauds?

■ We conclude that there was no valid consideration to support the parol promise on the part of appellant. Apparently lot 6 in block 102 was the homestead of Dr. Driscoll at the time the repairs were made thereon. Admittedly, the requirement of the Constitution with reference to fixing a lien upon a homestead was not complied with, and an attempt to fix such a lien on this homestead by Robinson would

have been void. Dr. Driscoll and his family lived in the home. The deed to Mrs. Throckmorton was not executed and delivered until after the work had been finished. Evans v. Galbraith-Foxworth Lumber Co. (Tex. Civ. App.) 51 S.W.(2d) 831. However, on the other hand, if title was passed to Mrs. Throckmorton before the work was done, then there could be no lien on her property. She made no contract with Robinson and he could claim no lien on her property for repairs which she did not authorize him to make. 40 C. J. p. 90, § 73. Dr. Driscoll did not purport to act as Mrs. Throckmorton's agent in having the repairs made. 2 C. J. p. 474, § 91. Robinson could not, under the law, create a valid lien upon lot 6. Any attempt to file such a lien would have been illegal. Robinson's agreement not to file a lien on the premises, when he did not have a legal right to do so, would not be a valuable consideration. 10 Tex. Jur. § 78, pp. 135–137; Corcanges v. Childress (Tex. Civ. App.) 280 S. W. 892; Phoenix Furniture Co. v. McCracken (Tex. Civ. App.) 3 S.W.(2d) 545; Foster v. Spencer (Tex. Civ. App.) 47 S.W.(2d) 492.

■ We are also of the opinion that this parol agreement was within the statute of frauds. It was, by its very terms, a collateral, and not an original, undertaking. The statement that she would see that Robinson got his money is in the nature of a guaranty and not an original obligation. 20 Tex. Jur. pp. 234, 235, § 25; Todd v. Victory (Tex. Civ. App.) 277 S. W. 705.

Appellee relies on what is known as the "main purpose rule" which is stated in Lemmon v. Box, 20 Tex. 329, as follows: "Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing the liability of another."

Appellee cites, among other cases, Housley v. Strawn Merchandise Co. (Tex. Civ. App.) 253 S. W. 673. This case was, however, reversed in the Supreme Court. See 291 S. W. 864, 867, where it is stated: "If the object of this promise was to pay the debt of Moore & Co. to the Strawn Merchandise Company, being oral, it is within the statute of frauds, whether the main purpose or motive of Housley was or was

not to gain a personal benefit in having his buildings completed."

It is plain in this case that Mrs. Throckmorton was only guaranteeing the account of Dr. Driscoll, that there was no valuable consideration for this promise, and, being a parol promise, it was void under the provisions of the statute of frauds. Article 3995, R. S. 1925; South Spindletop Oil & Development Co. v. Toney, 15 S.W.(2d) 688; Hoffer Oil Corp. v. Haynes (Tex. Civ. App.) 28 S.W.(2d) 1113; Higginbotham-Bartlett Co. v. Dickey (Tex. Civ. App.) 27 S.W.(2d) 248.

The judgment of the trial court, in so far as it renders judgment in favor of appellee against appellant, and in favor of appellant against Dr. Driscoll, will be reversed and judgment here rendered that appellee, Robinson, take nothing as against appellant, and that she be discharged with her costs.