MERRITT POLK, Respondent, v. WESTERN ASSUR-
ANCE COMPANY, Appellant.

**Kansas City Court of Appeals, November 6, 1905.**

1. INSURANCE: Other Insurance: Stipulation: Waiver. Unless
the policy stipulates to the contrary, the insured may procure
other insurance; and the insurer may waive the conditions at-
tached by the policy to such right, although the policy expresses
them in the strongest terms.

2. ———: ———: ———: Forfeiture. Forfeitures are in disfavor
and he who seeks to enforce them must do nothing to mislead
the other party.

3. ———: ———: ———: Waiver: Evidence. Where the insured
in the very perpetration of a breach that will work a forfeiture
notifies the insurer and receives aid from the latter, the insurer
is charged with knowledge of the breach and consent thereto,
and the stipulation is waived, though there be no contract with
a consideration therefor; and on the evidence it is found that
the insurer waived the stipulation.

4. ———: ———: ———: ———: Instructions. Where instruc-
tions limit the consideration of the jury to the evidence which
has been properly admitted, the jury may be presumed to give
them a reasonable interpretation and follow their mandate.
Instructions set out in the opinion approved.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*Reed, Yates, Mastin & Howell* for appellant.

(1)   Even if this case should have gone to the jury
at all (which we deny) instruction numbered 1 is palpab-
ly erroneous and must reverse the judgment, because it
is unintelligible and could have had no other effect than
to mislead the jury. Assurance Co. v. Norwood, 57 Kan.
610; Sowers v. Ins. Co., 113 Ia. 551; Gray v. Ins. Co.,
155 N. Y. 180; Hartford Co. v. Davenport, 37 Mich. 609;

Bourgeois v. Ins. Co., 86 Wis. 606. (2) Instruction two is clearly error, because it does not limit the time when notice to the agent of an intention to take out additional insurance is a waiver of the policy condition in that regard. The reply pleads a waiver before and a waiver after the policy sued on was issued. Under the authorities cited, supra, no waiver can arise from an expression of intention before the appellant's policy was issued. The jury must necessarily have been misled by this instruction. (3) A waiver of a contract right rests upon conditions existing at the time the waiver takes effect. You can not waive a right to cancel a policy for breach of a condition until you learn of the breach. The expression of an intention on the part of the insured to take only other insurance in the future is not notice of a breach of the clause prohibiting other insurance without written consent and imposes no duty on the insurer. Gray v. Ins. Co., 155 N. Y. 180; Hartford Co. v. Davenport, 37 Mich. 609; Sowers v. Ins. Co., 113 Ia. 551; Assurance Co. v. Norwood, 57 Kan. 610. (4) A waiver can only be justly claimed by the assured when the course of dealing by the company has been such as to induce his action, and the company should be apprised of the facts which create the forfeiture, and of those which will necessarily influence its judgment in consenting to waive it. Insurance Co. v. Mowry, 95 U. S. 332. (5) Waiver is but another name for estoppel. Grigsby v. Ins. Co., 40 Mo. App. 276; Hanna v. Ins. Co., 36 Mo. App. 538; Dantel v. Ins. Co., 65 Mo. App. 1. c. 49-50; Porter v. Ins. Co., 62 Mo. App. 520; Norris v. Ins. Co., 65 Mo. App. 1. c. 635.

*John J. Wolfe* for respondent.

(1) It cannot be denied that the evidence tended strongly to establish a waiver of the condition of the policy pleaded by defendant in its answer, the weight and sufficiency of which evidence is always a question

of fact for the jury to determine.   Gale v. Ins. Co., 33 Mo. App. 664; 2 Wood Fire Ins. page 943; Kerr v. Cusenbery, 60 Mo. App. 558; Summers v. Ins. Co., 45 Mo. App. 46; Hoffman v. Ins. Co., 56 Mo. App. 301; Porter v. Ins. Co., 62 Mo. App. 526.   (2)   As to all the essential points in this case, they are almost identical with points raised by defendant, in the case of Hayward v. Insurance Company, 52 Mo. 181.   Ins. Co. v. Malloy, 50 Ill. 419; Ins. Co. v. Schettler, 38 Ill. 166; Horwitz v. Ins. Co., 40 Mo. 557; Franklin v. Ins. Co., 42 Mo. 456; Northrup v. Ins. Co., 47 Mo. 435; Hanna v. Ins. Co., 63 Mo. App. 93.   (3)   The doctrine laid down by the court in the case of Hanna v. Ins. Co., 36 Mo. App. 539, cannot be invoked by appellant in support of its position on the question of waiver of the condition in the policy.   Norris v. Ins. Co., 65 Mo. App. 637.   (4)   The sufficiency or correctness of an instruction must be gathered from the instruction as a whole, and not by critically separating it and then attacking the detached sections in detail.   Feary v. O'Neill, 149 Mo. 467; State v. Thomas, 138 Mo. 168; Knoche v. Whiteman, 86 Mo. App. 568; Baker v. Independence, 93 Mo. App. 165.

JOHNSON, J.—Action upon a policy of fire insurance.   Under the pleadings a single issue is presented; i. e., waiver by defendant of a condition contained in the policy prohibiting additional insurance except by consent of defendant indorsed upon the policy.   Plaintiff had judgment and defendant appealed.   It is admitted that after the delivery of the policy plaintiff obtained additional insurance upon the same property from another company, and that the consent of the defendant was not written on the policy.

Plaintiff introduced evidence to establish an oral waiver by the agent of the defendant.   No point is made that the agent was without authority to bind his principal but the sufficiency of the evidence offered is assailed upon the ground that no notice that a new policy

had been issued was given defendant and nothing more is shown than the disclosure by plaintiff to defendant's agent of an intention to procure additional insurance, from which it is argued that such expression of intention to violate the contract at some time in the future, imposed no duty upon the agent to withhold his consent and that the agent was not required to act except upon notice of an actual breach.

We cannot adopt the construction of the pertinent evidence that appears in the premise thus assumed. Defendant's agent was also the secretary of a building and loan association and in that capacity held the policy in suit as security for a loan plaintiff had from the association. Plaintiff testified as follows: "Q. You may state then after this policy had been written up, if you had any conversation with the agent of this company, Mr. Webster. A. Yes, sir; I went up there once or twice to get it, the policy, and he asked me what I did want with it and I told him the other company wanted to see it so I could take something out on it; that is what I told him and he said 'Let me have all of them' and I said 'No, I have arranged with the other companies to take some of it.' . . . Q. What did you say; what did you tell him? A. I told him that some company wanted to see the policy. He gave me the policy and asked me what I wanted and I said I want it so this other company could see it. Q. What did Webster say? A. He said, 'all right;' that is all he said. Q. Did you tell him at that time you intended to take other insurance? A. Yes, sir."

Plaintiff is an illiterate negro and expresses himself crudely, but his meaning if not entirely clear is aided by the testimony of his lawyer, who said that while plaintiff was in the agent's office asking for the policy, the agent telephoned the witness to ascertain what plaintiff wanted with it. Witness replied that another company was issuing an additional policy covering the same property and its agent "wanted to make his policy corres-

pond to and cover the same amount that Mr. Webster's did, and in twenty minutes after that—probably ten or fifteen minutes—Mr. Polk (plaintiff) came to my office and delivered the policy." Plaintiff further testified that after the fire he immediately informed Webster of the loss, who asked him if he had notified the other company. Plaintiff replied that he had not but would do so at once, whereupon Webster assured him that defendant would settle within thirty days.

If this evidence is to be believed, and for the purpose of this discussion it must be accepted, the agent knew when he handed over the policy that plaintiff was in the very act of procuring other insurance on the property covered and was not expressing an undigested intention to ignore the terms of the policy at some indefinite future time. The question of the agent when first informed of the loss, "Have you notified the other company?" indicates quite conclusively that he had been resting under the belief that the new policy had been issued.

In the absence from the policy of stipulations to the contrary the procurement, by the assured, of additional insurance is without effect upon the validity of the contract. The limiting clause in the policy under consideration does not abrogate the right to obtain other insurance, but prescribes conditions restricting the exercise of that right. It was an agreement the parties could make, and when the policy was issued bound the plaintiff to the extent of forfeiting the insurance should he violate its terms. But parties who have the power to make a contract have the power to unmake or modify it regardless of self-imposed limitations and notwithstanding they insert in their written contract an agreement expressed in the strongest terms, prohibiting its alteration except in a particular manner, they may, by a subsequent agreement based upon a sufficient consideration, modify their contract in any manner they choose.

Conditions imposing a forfeiture as a penalty for

their breach may not only be waived by contract, but also by the declaration or conduct of the party for whose benefit they are made. Forfeiture is regarded with disfavor and he who invokes it must see to it that he does nothing to mislead the other party into believing that it will not be enforced. After learning of the breach he is not permitted to remain silent and to continue to receive the benefits of the contract and then cast off its burden. The rule applicable is well stated in the case of Pelkington v. Insurance Co., 55 Mo. 177: "When the assured has notified the company that he has procured additional insurance, it is the duty of the company, if it does not intend to be further bound or to continue the risk, to express its dissent and not allow the party to repose in fancied security, to be victimized in case of loss. It is unconscientious to retain the premium and affirm the validity of the contract whilst no risk is imminent, but the very moment that a loss occurs to then repudiate all liability and claim a forfeiture."

In the case in hand it cannot be said that the parties waived the condition under discussion by contract, as no consideration was given or provided therefor; but the facts reviewed present a clear case for the operation of the principle of waiver by estoppel. We are not holding that the expression by the assured of an unexecuted intention to ignore a contract stipulation at some indefinite time imposes an obligation upon the insurer to dissent, but when the assured, in the very perpetration of a breach that will work a forfeiture, notifies the insurer of what he is doing, and receives aid from the latter in the accomplishment of the act, nothing more is required to charge the insurer with knowledge of the breach and consent thereto. The conduct of the agent justified plaintiff in the assumption that no forfeiture would be declared.

Two of plaintiff's instructions are criticised by defendant. They are as follows:

"1. The jury are instructed that although you may believe from the evidence that after receiving the policy from the defendant the plaintiff did procure other insurance on the property in question (without having the consent of the other company written on the policy), still, if you further believe from the evidence that one Elmer Webster was at the time local agent of the company, and had authority to write, issue, sign and deliver policies of insurance, and receive premiums therefor, and further find that while the said Elmer Webster was so acting as agent, the plaintiff notified him of his intention to take out other additional insurance on the property in question and *at the time or afterwards,* told him he was about to do so, and that neither said agent nor any one else on behalf of the defendant made any objection to the issuance of such other policy and took no steps to cancel the policy sued on, nor notified the plaintiff that such additional insurance, without being indorsed thereon, would render the policy sued on void, then the defendant may be deemed to have consented to such additional insurance and to have waived the condition in the policy regarding such additional insurance, and the plaintiff's right to recover would not be affected thereby.

"2. The jury are instructed that notice to the agent is notice to the principal, and if you believe from the evidence that Elmer Webster was the agent of the defendant company, with authority to write and deliver policies for the defendant company, and that he was notified by the plaintiff of his intention to take out the additional insurance placed on plaintiff's property, and that he did not object to the same or suggest any breach of the condition of the policy issued by defendant, in consequence thereof, then the jury would be authorized to find from these facts that the defendant waived the provision of the policy relied on as defense in this case."

It is claimed that the second instruction, as well as the italicised words in the first, permitted the jury to find a waiver if they found that before the issuance of

the policy in suit plaintiff declared his intention of procuring other insurance. The learned trial judge treated all negotiations and agreements leading up to the delivery of the policy as merged into the written contract, and properly confined the proof to matters of subsequent occurrence, consequently there was no evidence before the jury of any antecedent agreement to waive the conditions in question. Both instructions expressly limit the consideration of the jury to the facts in evidence. They admit of no other construction and it will be presumed the jury gave them a reasonable interpretation and followed their mandate. As to the italicised words there is some evidence that plaintiff called upon the agent more than once in quest of the policy. The words are anticipatory of a finding either that one or more conversations occurred between the parties during which the agent was informed of the arrangements for other insurance. The instructions fairly presented the case. The judgment is affirmed. All concur.