BRADEN–ZANDER CONST. CO. et al. v. SENG. (No. 5531.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 10, 1915.)

1. SALES ⬤═288—WARRANTY—WAIVER BY RETENTION OF GOODS.
Where a chattel mortgage securing the price of a cement mixer contained the provision that the buyers agreed to give the machine a fair trial within ten days after receiving it, and, if it was found not to have the claimed capacity, or they were not fully satisfied with it in every respect, they should have the right to refuse it by notifying the seller's agent of their intention to do so, the buyers, by not rejecting the mixer for breach of warranty as to its capacity within the ten-day period, waived their right to thereafter reject on such ground.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig. ⬤═288.]

2. SALES ⬤═287—CONTRACT—MODIFICATION.
Where the chattel mortgage, executed by the buyers of a cement mixer to secure the price, stipulated that they should reject for breach of warranty as to capacity within ten days, and the agent of the seller, by his requests and promises that they might return it, if unsatisfactory, later than that, caused the buyers to forego their right to reject within such period, such agent, in suit on the purchase-money notes assigned him by his principal, the seller of the mixer, could not be heard to say that he was not bound to permit rejection of the mixer after the ten-day period upon its failing to give satisfaction, since a subsequent agreement altering the terms of a written contract may be made by parol.
[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 811–816; Dec. Dig. ⬤═287.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. S. Seng against the Braden-Zander Construction Company and others. Judgment for plaintiff, and defendants appeal. Reversed, and cause remanded.

T. H. Ridgeway, of San Antonio, for appellants. Geo. M. Mayer, of San Antonio, for appellee.

MOURSUND, J. Appellee Seng sued appellants upon five promissory notes, and to foreclose a chattel mortgage upon a cement mixer and appliances. The notes were payable to Waterloo Cement Machinery Corporation, and indorsed by said company to appellee, who was agent for the company in the transaction involving the sale of the cement mixer to appellants and the execution of the notes and mortgage.

Appellants pleaded that the chattel mortgage contained the following provision:
"It is understood by me that you guarantee that this mixer has the capacity claimed above. I agree to give this machine a thorough and impartial trial within ten days after receiving it. If it has not the capacity claimed above, or I am not then fully satisfied with it in every other particular, I am to have the right to refuse it by notifying you within said time of my intention to do so, in which event you are to give me shipping instructions and refund to me all payments made by me on said machine, including freight."

They pleaded further that immediately after receiving said mixer they gave it a fair trial, and found that it did not have the capacity of five cubic feet per batch, and would not perform the work as warranted by the company, and that they were not then fully satisfied with it in every other particular; that they notified Seng and the company of these facts within ten days from the time they received the machinery; that they were prevailed upon by Seng to keep the mixer and give it further trials, and pursuant to his requests they did retain the same and gave it numerous trials, but always found that it did not have the capacity warranted, and they were dissatisfied with it, and they so notified Seng; that at Seng's request they tried it up to some time in July, 1913, when they refused to try it further.

The court instructed a verdict in favor of appellee.

[1] There was evidence on the part of appellants raising the issue whether the mixer had the capacity warranted, but, as they pleaded they knew within the ten-day period that it did not have such capacity, it seems they waived their right to reject it on that ground by failing to do so within ten days. No amount of trials could increase the capacity thereof, and it cannot be contended that any persuasions or requests on the part of Seng caused appellants to fail to reject the mixer on the ground of want of capacity of five cubic feet per batch.

On the issue whether the mixer was satisfactory Zander testified:
"The notes and mortgage were not executed on the 11th day of May; they were executed a few days after that. After Joe Slavin got the

mixer to running a little, Mr. Seng called for a settlement, and I told him that we were not satisfied with the mixer, but he stated that the mixer was new and after it was worked a little while it would run better and would be all right and for us to go ahead and make the first payment and execute the notes, and he would see that the mixer would run all right. We then decided to give the machine a further trial before rejecting it. We then made the first payment and executed the notes and the mortgage. He dated them back to cover the time we had the mixer. After that the mixer would not work well, and I went to Mr. Seng again and told him about the matter and told him that it was unsatisfactory. I did this several times within the ten days after the notes were executed and within ten days after the date of the notes, and Mr. Seng stated that the machinery was new and would get limbered up after it was worked a while, and would be all right. He asked me to not turn the machinery back to him, as it would become known and would injure him in business in San Antonio, and upon his statements and requests we continued to try to operate the mixer. I went to him several times after that and told him that it was not satisfactory, and each time he would persuade me to keep it and try it again. Mr. Braden wanted to turn the machinery back long before we quit using it. When the first note became due Mr. Seng asked for a settlement. I told him that the machinery was unsatisfactory, and that we did not want to pay the note; that we did not want to have to sue foreign corporations to get our money back, and if we had to sue to get our money back, we would have to˙ sue in the federal court, and I did not want to do that. Mr. Seng stated that he lived in San Antonio, and stated that he would make everything all right. I paid the note, $48, and interest, under protest. I was persuaded to do this by Mr. Seng. He stated that the machinery would work all right, and if it did not work all right he would make everything all right."

[2] This testimony raised the issue whether Seng waived the clause requiring appellants to give notice within ten days of their refusal of the mixer on the ground that they were not fully satisfied with it in every particular. It cannot be contended that a subsequent agreement altering the terms of a written contract cannot be made by parol. If Seng, by his requests and promises, caused appellants to forego their right to reject the mixer within ten days, he cannot be heard to say that he will not be bound to permit its rejection when it fails to give satisfaction, although appellants did just what he asked them to do.

The judgment is reversed, and the cause remanded.