## BAUGHN v. HENSLEY. (No. 2227.)

Court of Civil Appeals of Texas. El Paso.
Feb. 7, 1929.

Rehearing Denied March 7, 1929.

Ritchie & Ranspot, of Mineral Wells, for appellant.

John B. Littler and Jas. Little, both of Big Spring, for appellee.

HIGGINS, J. September 7, 1927, appellant, residing and engaged in business as an automobile dealer, at Mineral Wells, Palo Pinto county, sold to appellee, of Jack county, a Buick automobile, in part payment for which appellee executed his promissory note in appellant's favor, secured by mortgage upon the car.

Shortly thereafter appellee moved to Big Spring, Howard county, taking the car with him. October 19, 1927, appellant took possession of the car at Big Spring, without the

knowledge or consent of appellee, and removed same to Mineral Wells. This suit was brought by appellee to recover the value of his equity in the car as for conversion. He recovered judgment for $250.

The mortgage provided that the mortgagor should not remove the car from Jack county without the written consent of the mortgagee. The note was payable in monthly installments, the first installment being due October 6, 1927. It also contains the usual accelerating maturity clause.

The mortgage authorized the mortgagee to repossess the car, in the event the mortgagor removed the same from Jack county without the written consent of the mortgagee or in the event default was made in the payment of the note. Appellant justified his action in taking possession of the car upon the ground that the same had been removed from Jack county without such consent and because of failure to pay the note according to its terms.

■ A number of assignments and propositions are submitted by appellant, all of which are based upon the assumption: First, that it was error for the court to permit appellee to prove that subsequent to the execution of the mortgage appellant agreed, in parol, that the car might be removed to Big Spring; and, second, appellant was justified in taking possession of the car because of default in payment of the installment due October 6th.

The admission of the evidence indicated does not, as appellant asserts, violate the parol evidence rule. 6 R. C. L. title Contracts, § 290; 13 C. J. title Contracts, § 609; Morrison v. Ins. Co., 69 Tex. 353, 6 S. W. 605, 5 Am. St. Rep. 63; Braden-Zander Constr. Co. v. Seng (Tex. Civ. App.) 179 S. W. 1103; Weeks v. Stevens (Tex. Civ. App.) 155 S. W. 667.

■ As to the other matter, the record shows that at the time the note was signed and delivered the amount thereof was left in blank, as the purchase price of some tires, then unascertained, was to be added to the note. Appellee therefore did not know the exact amount ·due on October 6th. About October 1st he wrote appellant to ascertain such amount, sent check for $5, and requested to be advised of the correct amount due and he would remit. The evidence shows appellant received this letter, but did not reply thereto.

In this situation appellant cannot be considered as defaulting in the payment of the first installment due October 6th. Ordinarily the maker of a note is, of course, charged with knowledge of its terms and the amount properly due thereon, but in the situation here shown it cannot be said that appellee was charged with such notice as to the amount due. It was appellant's duty to reply to the letter of October 1st, and advise appellee of the amount due on the 6th. Not until this information had been given, and payment not made, could appellee properly be considered as defaulting in his obligation.

Affirmed.