G. R. Coleman et al. v. The State.

No. 13274. Delivered May 7, 1930.
Reported in 28 S. W. (2d) 144.

The opinion states the case.

*Scarborough, Ely & King* of Abilene, for appellant.

*Frank E. Smith,* County Attorney of Abilene, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—This is an appeal from a final judgment on a forfeited bail bond.

Coleman was in jail at Abilene on a felony charge. Bail bond for him was made and signed by himself as principal, and A. R. Manning and Mrs. Myrta Crume as sureties. Failing to appear on the day named in the bond, same was duly forfeited. Judgment nisi was entered against all parties. Mrs. Crume answered upon citation, averring that at all times relevant herein she was a married woman. This fact was admitted on the trial hereof, but judgment final was rendered against her apparently on the theory that she was estopped to set up and claim coverture. The State's claim of estoppel rested upon the proposition that either she or some one authorized to act for her stated to the officers, before the bond in question was approved, that she was a widow.

Art. 276 of our C. C. P. forbids that a married woman become surety on a bail bond. This is approved in Pickett v. State, 16 Texas Crim. App. 648. Art. 4623, Revised Civil Statutes 1925, denies to a married woman the right to be surety on any bail bond unless joined by her husband. This is approved in Cruger v. McCracken, 30 S. W. Rep. 537, followed by Thompson v. Morrow, 147 S. W. Rep. 707; Wilson v. Dearborn, 179 S. W. Rep. 1103;

Shaw v. Proctor, 193 S. W. Rep. 1105, and Bank v. Ferguson, 206 S. W. Rep. 927, which hold that a married woman's execution of such bond is void.

We will not attempt to analyze the application of the doctrine of estoppel to the facts of this case further than to observe there is respectable authority for holding that such doctrine can not be used to make good what the law forbids. New York Ry. v. Schuyler, 38 Barb. 534; Friedlander v. Plate Glass Co., 38 N. Y. App. Div. 146; In re Stapleford Colliery Co., 14 Ch. D. 432; Municipal Council v. Grand Trunk Ry. Co., 18 U. C. Q. B. 220; nor of the lack of power of a married woman not joined by her husband to appoint an agent in a matter such as is here involved. In view of the record facts, we go no further than to express admiration for the zeal and effort shown in the brief filed by the State. All too many cases come before this court with no brief on file for the State.

We find herein no facts showing misrepresentation or fraud on the part of Mrs. Crume which induced the sheriff to believe her a widow at the time he accepted her as surety on the bond of Coleman. She was Coleman's aunt. Manning was her brother. Manning went to Scarborough's law office; said he had a sister well fixed who wanted to employ an attorney for Coleman. The parties were strangers in Abilene. Mr. Scarborough agreed with Manning on a fee, but if this fact was reported to Mrs. Crume, it does not so appear. Manning told Scarborough that his sister was a widow. She was not present. The two men went to the sheriff's office and Manning there stated in the conversation that Mrs. Crume was a widow. Mr. Scarborough was asked by the officer if a widow would be good as bondsman and stated that she would. The bond was made out and turned over to Mr. Scarborough who took it to his office. Mrs. Crume was at her hotel. She came to Mr. Scarborough's office, made affidavit as to the amount and value of her property, and signed the bond. Nothing in the bond or affidavit related to, or stated that she was a feme sole or widow. No question was asked her or statement made by her to Mr. Scarborough or any officer relative to her situation as to being married or otherwise. Mr. Scarborough testified that he took it for granted that her brother knew what he was talking about when he said she was a widow.

After the bond was approved and Coleman was released from custody, according to the testimony of the sheriff, he had a con-

versation with Mrs. Crume in which she said 'that her reason for not sooner coming to Abilene was because she had a bad foot and was a widow, and had no one to drive her car for her. Manifestly this statement in no way induced the sheriff to approve a bond which had already been approved.

We can not agree that these facts show Manning to have had authority to bind his sister so as to make his statement that she was a widow, hers. Certainly Mr. Scarborough, who had no personal knowledge of the matter and no information save from Manning's statement, could not be held to have power to so bind Mrs. Crume. In the absence of any question put to her, and any false statement made by her prior to the acceptance of the bond, or any showing that she authorized any person to make such false statement in her behalf, the doctrine of estoppel did not arise and could have no application and on the record before us, we think the judgment holding her liable on the bond, unwarranted.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*