## UNIVERSAL CREDIT CO. v. COLE.

### No. 5233.

Court of Civil Appeals of Texas. Amarillo.

Dec. 16, 1940.

Clayton & Bralley, of Amarillo, for appellant.

Mel Janes, of Lubbock, for appellee.

STOKES, Justice.

This suit was instituted by appellant, Universal Credit Company, against appellee, E. E. Cole, upon a conditional sales contract made by appellee with Walter Irvin by which appellee purchased a truck. The consideration for the truck was $963.50, of which amount $369.50 was paid in cash and the balance of $594 was to be paid in monthly installments of $33 each, beginning July 15, 1938. The contract constituted a chattel mortgage on the truck and it was duly assigned to appellant by Walter Irvin. Appellant alleged there was a balance due on the contract of $165 and it sought judgment for that amount, together with interest and attorneys' fees and foreclosure of its chattel mortgage lien. Appellant sued out a writ of sequestration under which the sheriff levied upon the truck and, appellee not having replevied the same within ten days, appellant delivered to the sheriff a replevy bond under which it took charge of the truck and sold it back to Walter Irvin.

Appellee alleged that after the written contract was executed he and appellant made an oral contract by which they agreed that the installment payments provided in the contract should be changed so that $66 would be paid bi-monthly instead of $33 monthly, and that he had paid the installments substantially as they became due under the modified provisions. He further alleged that before the suit was filed or the writ of sequestration issued, he tendered to appellant the full amount due and he filed a cross-action in which he alleged that the sequestration and sale of the truck amounted to a conversion thereof and prayed for damages of $600 which he alleged to be the value of the truck, less the balance due on the conditional sales contract, and for $450 for loss of profits which he alleged he had incurred as a result of the execution of the writ of sequestration.

The case was submitted to a jury upon special issues, in answer to which the jury found (a) that the parties entered into an oral contract modifying the terms of the written contract as alleged by appellee. (b) That appellant was justified in declaring due the unpaid portion of the purchase price of the truck. (c) That appellee had not been damaged by appellant's act in declaring the balance due and payable, and (d) that the value of the truck was $450.

The court rendered judgment in favor of appellant for the sum of $165, the balance due on the conditional sales contract, and in favor of appellee upon his cross-action for the sum of $450. Appellant filed a motion for a new trial which was overruled, and it has perfected an appeal to this court.

Under proper assignments of error and propositions of law appellant contends, first, that the court erred in overruling its exceptions to the pleading and objections to

the testimony concerning the alleged oral contract under which appellee claimed the installments provided in the original contract were changed from $33 per month to $66 bi-monthly, because it was neither alleged nor proved that such oral contract was based upon a consideration. Secondly, that the value of the truck as alleged and proved by appellee did not refer either to the date it was replevied or to the date of the trial. Thirdly, that it was not shown the alleged oral contract modifying the terms of payment was made with an authorized agent of appellant and, fourthly, that no legal tender of the balance due on the contract was either alleged in the pleading or shown by the testimony.

■ The original contract provided that the monthly installments should not bear interest before maturity but after maturity they should bear interest at the highest lawful contract rate. Appellee did not allege, nor does the evidence show, that, under the alleged oral contract in which he claims the monthly payments were changed to $66 every two months, the provision for interest was changed from that provided in the contract, nor did he attempt to allege or show by the evidence any consideration whatever for the new oral contract. In this connection appellant contends that a written contract cannot, under the law, be changed by parol, but any change made therein must be in writing and of equal dignity with the original instrument. We cannot agree with appellant in this contention. It is held by the courts in this and many other jurisdictions that, in the absence of statutory inhibition, a written contract may be changed or modified by parol. Baughn v. Hensley, Tex.Civ. App., 14 S.W.2d 368; Yates Machine Co. v. Groce, Tex.Civ.App., 281 S.W. 226; Polk v. Western Assurance Co., 114 Mo.App. 514, 90 S.W. 397; Braden-Zander Construction Co. v. Seng, Tex.Civ.App., 179 S. W. 1103.

■ This does not mean, however, that such a contract may be changed or modified by mere idle conversation. The rule is well established that, in order to modify or materially change the terms of a valid contract by parol, the agreement, in order to be legal and binding upon the parties thereto, must be based upon a consideration. Otherwise, it is merely a nudum pactum and is afflicted with all of the infirmities of contracts or agreements generally that lack the essential element of a consideration. If, therefore, the agreement was made as alleged by appellee and shown by his testimony, it was not binding upon appellant and its breach could not inflict an injury upon appellee for which he would be entitled to recover. Phœnix Furniture Co. v. McCracken, Tex.Civ.App., 3 S.W.2d 545; Austin Real Estate &. Abstract Co. v. Bahn, 87 Tex. 582, 29 S.W. 646, 30 S.W. 430; Tsesmelis v. Sinton State Bank, Tex.Com. App., 53 S.W.2d 461, 85 A.L.R. 319; Bowers v. Ground, Tex.Civ.App., 115 S.W.2d 1142.

Appellee's allegations are merely to the effect that after the execution of the written contract, he agreed with appellant that the installment payments therein mentioned would be paid by him every two months rather than once each month as therein provided and that the amount of such payments would be doubled. He alleged that during the existence of the contract he had made these payments every two months "for the most part". The most that can be said of the testimony is that it proved this allegation. The original contract provided that the installments should bear interest at the highest legal contract rate after maturity. They did not bear any interest before maturity and the agreement which appellee claims he made with appellant's agent would have resulted in depriving appellant of the interest on at least half of the monthly installments from the time they were due under the original contract until they became due under the alleged oral agreement of modification. It is obvious, therefore, that, not only did appellant receive no benefit from the alleged agreement of modification, but, to the extent of the interest on at least half of the installments during the time payment thereof was deferred, it actually suffered a detriment. We find in the record no allegation or proof of any kind that even suggests a consideration for the alleged oral contract of extension and it must follow that, even if the agreement was made as alleged by appellee, it was of no legal force. In the case of Phœnix Furniture Co. v. McCracken, supra, the appellee contended that appellants agreed with her that they would not make any demand for past-due installments nor take any action to repossess the mortgaged property until after they had furnished her with an itemized statement of her account and after she had returned from a contemplated visit which was to be some ten days after making the agreement. In passing upon this

question the Court of Civil Appeals of the Ninth District said [3 S.W.2d 551]: "However, if the agreement was made, it was a mere nudum pactum, for in that it was without consideration for the promise to wait for a period of ten days before repossessing the property, and therefore not binding upon appellants. The breach of what is a mere nudum pactum cannot inflict an injury capable of legal redress, because it is not in violation of any legal right." (Authorities omitted).

Many authorities in this and other jurisdictions could be cited in support of this rule and the court below should have sustained appellant's exception to appellee's pleading in this respect, as well as his objection to the testimony. The alleged oral agreement not having support in either the pleading or the testimony, error was likewise committed by the court in submitting that question to the jury and appellant's assignments of error in respect to these matters will be sustained.

■ The fact that appellee made a number of subsequent payments in the manner provided by the alleged oral contract, and such payments were accepted by appellant, would not vitalize the nudum pactum and make of it a valid contract for the reason that the original contract provided that upon failure to pay the obligations as they matured thereunder, the contract should be in default and the full amount remaining unpaid should immediately become due and payable. This acceleration was not based upon the condition that the holder should exercise an option to declare the remaining installments due, but failure to pay one installment ipso facto matured all of the balance remaining unpaid and the statute of limitations immediately took effect. The mere fact that appellant indulged appellee and did not insist upon the payments being made strictly as provided in the contract did not change the relationship existing between them, because no binding contract other than the original written one existed between the parties. San Antonio Real-Estate, Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 861.

■ The next contention presented by appellant has reference to the manner in which appellee sought to establish the value of the truck. Appellee merely alleged that its value was $600 at the time it was levied upon under the sequestration. The evidence offered by him upon the question of value did not refer to any particular time or place and no witness testified as to its value at the time it was replevied by appellant nor at the time of the trial. Appellant excepted to the pleading on this ground and also objected to the testimony and to the special issue submitted by the court upon the question of value. All of its exceptions and objections were overruled and in this the court was in error. Art. 6857, R.C.S., provides that the value of property replevied as this truck was shall be proven either as of the time of the execution of the replevy bond or the time of the trial as the defendant may elect. The value contemplated by the statute refers to the market value and it is well established that the market value of property sequestered at the time of the trial or when the replevy bond was executed, constitutes the measure of damages in suits of this character. Vaughn v. Charpiot, Tex.Civ.App., 213 S.W. 950. Testimony was admitted over objection of appellant detailing the price which appellant received for the truck, the price which the purchaser received when he sold it, and the contents of a slip or tag attached to the truck while it was on the sales lot of Walter Irvin after he purchased it from appellant. Even if the market value of the truck at the time of the execution of the replevy bond or the time of the trial at Lubbock where it was replevied had been properly alleged, this testimony was not admissible for any purpose and appellant's assignments in reference to these matters will likewise be sustained.

■ The next contention of appellant refers to the manner in which appellee alleged and attempted to prove the oral contract of extension or modification of the installment provisions by which the original contract provided the deferred portion of the purchase price of the truck should be paid. The pleadings and evidence were wholly insufficient to establish agency. Neither the name of the agent was alleged or shown by the evidence nor was it shown by any testimony whatever that the person with whom appellee had the conversation was an agent of, or in any manner authorized to bind, appellant by such contract. Appellee testified he went to the office of appellant and was directed by a young lady at the desk to another room where the contract was made, but no attempt was made to identify the person with whom it was made nor to establish his agency of appel-

lant. Agency may be proved by circumstances and it is not an absolute requirement of the law that the name of the agent be given in all cases. It is well established, however, that when it is sought to bind a corporation upon a contract alleged to have been made by it, such corporation has the right to demand either the name of its agent through whom the contract was made or sufficient allegations and proof of his identity and authority to enable it to raise the question of his authority and meet with testimony the proof offered to establish his agency. Gulf & International Ry. Co. v. Campbell, Tex.Civ.App., 108 S.W. 972; The Oriental v. Barclay, 16 Tex.Civ. App. 193, 41 S.W. 117.

The remaining contention presented by appellant has reference to the alleged tender by appellee of the balance of the purchase price of the truck. The evidence showed that, when the agent of appellant approached appellee and demanded payment of the entire balance, appellee offered to pay a small portion of the indebtedness and informed appellant's agent that Mrs. Cole, wife of appellee, had the balance of the money and if he would see her she would pay it to him. No further effort concerning a tender was made and it is obvious that this action of appellee constituted no legal tender whatever. A valid and legal tender of either money or chattels consists of the actual production of the funds and offer to pay the debt or delivery of the chattel involved. If it consists of money the tenderer must relinquish possession of it for a sufficient time and under such circumstances as to enable the person to whom it is tendered, without special effort on his part, to acquire its possession. Moreover, the tender must be continued and, in order to prevail in a suit in which it is alleged, the money must be brought into court and made available to the person claiming it. None of these requisites was observed by appellee and there was, therefore, no tender in this case. Appellant excepted to the pleadings of appellee concerning his claim of tender because they did not show any amount which he had tendered nor that the tender had been continued. Mrs. Cole, wife of appellee, over objection of appellant, testified at length concerning the amount of money which she had on the day of the alleged tender and her willingness to pay it to appellant's agent if he had called on her for it. These exceptions and objections should have been sustained. The acts and conduct alleged and testified to did not constitute a legal tender of the amount due and were wholly immaterial to any issue in the case. Richey v. Stanley, Tex.Civ.App., 38 S.W.2d 1104; Rogers v. People's Building, Loan & Saving Ass'n, Tex.Civ.App., 55 S.W. 383; North Texas Saving & Bldg. Ass'n v. Hay, 23 Tex.Civ. App. 98, 56 S.W. 580.

There are other assignments of error presented by the brief having reference to the forms of certain special issues and the subject matter involved in them. A number of the special issues submitted were duplicitous and others called upon the jury to decide questions of law. Upon another trial we suggest that greater attention be given to the familiar rules laid down by our statute, Art. 2189, R.C.S., 1925, and the many decisions of the courts of this state relating to the subject matter of special issues and the procedure involving their submission. We deem it unnecessary to enter into a discussion of these particular matters at this time. They probably will not arise upon another trial.

For the errors discussed, the judgment of the court below will be reversed and the cause remanded.