## BATES GRAIN CO. v. CASSIDY.
### No. 14148.

Court of Civil Appeals of Texas. Dallas.
Dec. 23, 1949.

Rehearing Denied Jan. 20, 1950.

T. E. Frossard, Dallas, for appellant.
Elijah Crippen, Dallas, for appellee.

BOND, Chief Justice.

This suit was instituted by Bates Grain Company, a corporation, against C. W. Cassidy, d/b/a Cassidy Feed Mills, for damages arising out of a sales contract for a quantity of bulk shelled corn shipped from Kansas City, Missouri, weight and grade determined by official inspection at time and place of loading. The car was loaded at Kansas City and delivered to the Missouri-Pacific Railroad Company on Oc-

tober 31, 1946, for shipment to order of Bates Grain Company at Richardson, Texas, notifying C. W. Cassidy.

The railroad company issued its bill of lading acknowledging receipt of the shipment, which was endorsed over by the shipper to C. W. Cassidy, attached to draft, and forwarded to the Citizens State Bank at Richardson. The car of corn arrived at Richardson on Saturday, November 9, 1946, and, on the following Monday, Mr. Cassidy broke the seal on the car, inspected the corn, took a sample ("bucketful") of the corn to Dallas and there had it graded by an official inspector. On such inspection of the sample, the inspector issued certificate classifying the corn below the grade of that classified at Kansas City. Cassidy refused the shipment, whereupon Bates reassigned the corn to the Fort Worth Grain Market where it was sold at the best price obtainable for Cassidy's account, suffering a loss of $937.64. There is no controversy as to appellant's loss in the transaction.

The defendant pleaded, successively, failure of consideration as to the contract sued on; breach of a prior existing contract between the parties, in that the corn was negligently delivered and not up to grade, at Richardson, as stipulated in the prior contract; and, in cross-action, sought damages for the breach.

The cause, on trial, was submitted to the court without a jury, and judgment entered that plaintiff recover nothing by its suit and that defendant recover nothing on his cross-action; all costs taxed against the plaintiff. As basis for the judgment, upon plaintiff's request, the court timely filed findings of fact and conclusions of law. To which, plaintiff properly assigns error, challenging the findings and conclusions as being contrary to and against the record evidence; in effect, contending that the court erred in finding that the contract sued on by the plaintiff includes terms and conditions substantially adverse to and in conflict with those of a prior subsisting contract between the parties, thus void for failure of consideration. Such contention is the crux to a determination of this appeal. If there was a prior concluded contract entered into by the parties, a subsequent contract on the same subject matter at variance with or contradictory to the prior subsisting contract, without new consideration, the subsequent contract is of no legal force or effect.

The evidence is uncontroverted. The plaintiff Bates Grain Company, at the time of this transaction, was a partnership, dealing in grains in Kansas City, Missouri; since incorporated under the laws of that State and allowed to transact business in Texas. All of the partnership assets were taken over by the corporation. The partnership maintained—and the corporation continued a branch office in Dallas with a Mr. Tomlinson as manager. The branch office operates primarily as a broker, making brokerage sales of grain between sellers and purchasers. It is not a dealer or seller of grain. It operates on commission for consummated sales. On October 8, 1946, Bates Grain Company, from its home office in Kansas City, mailed to the defendant Cassidy Feed Mills, Richardson, Texas, "Rush market quotations," on variety of grain f. o. b. Kansas City, including "No. 2 Yellow Corn," and directed attention to the location of their Dallas office under management of Mr. F. C. (Tommy) Tomlinson, 'phone Riverside 4015, Dallas, Texas. On October 16, 1946, Mr. Tomlinson sent to the defendant a postal card listing price shipment of corn, oats and other farm products, reading: "Basis today market, subject to our confirmation, we quote the following prices, f. o. b. Group 1, Tex. * * *" Following receipt of the card, Mr. Cassidy testified that on or about October 16th, he talked with Mr. Tomlinson in regard to the purchase of a carload of grain, corn, and on the following day, the 17th, they agreed on the price corn, delivered at Richardson, Texas, in that the corn was to be "strictly No. 2 Yellow Corn, group 1, Richardson, Texas"; and that it was to be shipped as soon as possible, routed in such manner as to arrive at Richardson over the Texas & New Orleans Railroad at the very earliest possible date. In connection with the agreement, Mr. Cassidy further testified that on the 18th

he received from Mr. Tomlinson the following confirmation, dated October 17, 1946, reading: "We confirm purchase from Bates Grain Company, Kansas City, sale to you today for the account Cassidy Feed Mills, Richardson, Texas, of (1) car * * * Grade, strictly No. 2 Yellow Corn * * * Price $1.87¼ per bushel * * * Basis delivered Richardson * * * Weights—Loading official * * * Grades —Loading official * * * Shipment—October—Shipper's option. We will do everything we can to get this car shipped before the end of the month. Draft with all papers attached to Citizens State Bank, Richardson. (Signed) Bates Grain Co., by F. C. Tomlinson." Mr. Tomlinson testified that the confirmation or broker's memorandum was made in duplicate,—one he sent to Bates Grain Company, the seller, at Kansas City, and a copy to the purchaser, Cassidy Feed Mills, Richardson 1, sale awaiting confirmation by the designated parties; and that, in the usual course of business, Bates Grain Company at Kansas City sent to the Dallas office and to Cassidy Feed Mills confirmation of sale or contract, dated October 17, 1946, addressed to Cassidy Feed Mills, Richardson, Texas, reading: "We confirm sale to you of the contents of (1) car of yellow corn at $1.97¼ delivered, Richardson, Texas. Draft Citizens State Bank * * * Weight Kansas City * * * Grades Kansas City. Shipment October—Seller's option * * * as soon as possible. Bill to you at Richardson, Texas. Terms demand draft with bill of lading attached. This contract subject in all respects to the rules and regulations of the Board of Trade of Kansas City, Mo. We do not accept any liability for any negligence if grain does not arrive according to billing instructions. On all 'delivered' sales unless otherwise agreed to, we reserve the privilege of routing our shipment * * * (Signed) Bates Grain Company. Accepted October 18, 1946 by C. W. Cassidy, owner, Cassidy Feed Mills." In respect to the negotiations and contract, on October 31, 1946, the shipment went forward by the initial carrier, via Lake Charles, Louisiana, where it was transferred to the Texas and New Orleans Railroad, arriving at Richardson on Saturday, November 9; and, on Monday, November 11, defendant rejected the corn because of inferior grade—much below "No. 2 Yellow Corn," according to his inspection, and by official inspection at Dallas of a sample of the corn taken from the car.

■ We are of the opinion, from a review of all the record evidence, that the negotiations between the Dallas branch of plaintiff corporation and the defendant, were more precisely the function of a broker acting as an intermediary in respect to the sale of the corn. A corporation may function as an investor, or seller, and as a brokerage concern. The authority of a broker is exhausted when he has effected a sale, and, in the absence of ratification, the principal is not bound by the broker's subsequent acts.

■ It will be seen that the acts of Mr. Tomlinson in negotiating the sale are not materially different from the confirmation of the sale by the seller and purchaser which was subsequently signed by the respective parties. Mr. Tomlinson's confirmation with Mr. Cassidy is substantially as was confirmed by his principal. Material here, Mr. Tomlinson, ratified sale of "strictly No. 2 Yellow Corn"; "Weight —loading official * * * Grades—Loading official * * * Shipment—October * * * Will do everything to get this car shipped before the end of the month." The home office confirmation, signed by seller and purchaser, ratified the sale, "Weight Kansas City * * * Grades Kansas City. Shipment October—Seller's option * * * As soon as possible." The evidence is uncontroverted that the terms "Weight—loading official * * * Grades —loading official" as related in Tomlinson's confirmation, and the terms "Weight Kansas City * * * Grades Kansas City" are synonymous terms as applied to the case at bar. Irrespective of the testimony as to the meaning of the terms—"Weight— loading official * * * Grades—loading official," all inspections, weights and grades of corn, and other grain, moving in interstate commerce, must be made and certified by licensed Federal Inspectors under the

United States Grain Standard Act [7 U.S. C.A. § 71 et seq.]; hence it may be assumed, aside from the testimony, that such inspection was made in conformity to law, —and the grade determined according to the Inspector's Certificate. The inspectors certified the corn as "Number 2 Yellow Corn."

We have arrived at the conclusion that the evidence is complete, raising merely the issue of construction of the contract between the parties. The parties having made the contract, they are bound thereby. Therefore it will serve no useful purpose to remand this cause. The judgment of the court below is affirmed as to the defendant's cross-action; reversed as to the plaintiff, and judgment here rendered in plaintiff's favor for the sum of $937.64, together with 6 percent interest thereon from November 18, 1946, and for all costs of suit.