**ROBERT W. PAYNE COMPANY, Appellant,**

v.

**J. W. HILL CONSTRUCTION, Appellee.**

No. 16462.

Court of Civil Appeals of Texas.

Dallas.

Feb. 5, 1965.

· Henry Stollenwerck, Dallas, for appellant.

Fanning, Billings, Harper, Pierce & Gilley, Dallas, for appellee.

BATEMAN, Justice.

The appellant Robert W. Payne Company, as general contractor, was building an apartment building in San Antonio, Texas. Its

superintendent in charge of the work was S. W. Shelton. Purporting to act for appellant, Shelton entered into a written subcontract with appellee J. W. Hill Construction whereby the latter agreed, for a consideration of $2,397.50, to install certain paving for driveways and parking areas which appellant was obligated under its general contract to install. Shelton, continuing to act on behalf of appellant, orally agreed to pay appellee for certain "extras" consisting of furnishing a crane for $102 in extending the asphalt paving 18 inches inside the back fence for $127.

After the paving work was completed it was discovered that rain water drained from this property onto a neighbor's adjoining property. Appellee re-entered and at its own expense erected a curbing that apparently corrected this condition. Appellant paid $2,000 to apply on appellee's claim and answered appellee's suit for the claimed balance of $626.50 and statutory attorney's fee by filing a sworn denial of Shelton's authority to contract on its behalf and a general denial.

The court, at the end of a nonjury trial, rendered judgment for appellee for $500 plus $200 attorney's fee. Findings of fact were filed pursuant to Rule 296, Vernon's Texas Rules of Civil Procedure, to the effect that (1) the parties entered into the written subcontract; (2) the work provided for therein was fully performed in a good and workmanlike manner; (3) in addition to which appellee furnished a crane, for which the charge of $102 was reasonable; (4) Shelton had apparent authority to enter into the written contract and to order the crane on behalf of appellant; (5) appellant ratified the said written and oral contracts; (6) appellant was estopped to deny liability thereunder, but (7) had a credit of $2,000 and (8) owed appellee a balance of $500 (9) plus $200 attorney's fee. The court's conclusions of law were that appellant had breached the written and oral contracts and appellee was entitled to the judgment rendered.

Appellant asserts by seven points of error that: (1) the court erred in holding that Shelton had apparent authority to make the contracts on behalf of appellant; (2) the court erred in holding that appellant ratified the contracts; (3) the court erred in holding that appellant was estopped to deny liability thereon; (4) the court erred in holding that appellant had breached the contracts; (5) there was no evidence to sustain the judgment; (6) under the undisputed evidence appellee had agreed to obtain the approval of the neighbors for the curb, which agreement was breached by appellee; and (7) there is a conflict in the findings of the court which renders a judgment impossible.

The first five points of error will be considered and disposed of together. If the foregoing findings and conclusions of the trial court are supported by some evidence of a substantial and probative character, they are controlling upon this court and will not be disturbed even though we might have reached a different conclusion therefrom. City State Bank in Wellington v. Wellington I. S. Dist., Tex.Civ.App., 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114; Richardson v. Raby, Tex.Civ. App., 376 S.W.2d 422, 426, no wr. hist. As we said in Nathan v. Hudson, Tex.Civ.App., 376 S.W.2d 856, 862, wr. ref. n. r. e.:

"The trial court's findings of fact and conclusions of law should be construed together and, if possible, to be in harmony with the judgment and to support it; and in determining whether the findings are supported by any evidence of probative value we should give credence only to the evidence favorable to the findings, disregarding all evidence to the contrary. Brown v. Frontier Theatres, Inc. (Tex.Sup.), 369 S.W.2d 299, 301."

We find no evidence of actual authority of Shelton to contract on behalf of appellant, but the record shows without dispute that he was appellant's superintendent on

this particular building project, and was the only one appellant had there handling the job constantly. In addition to this circumstance, the theory of apparent authority, as well as those of estoppel and ratification, finds support in the testimony of appellant's president, Robert W. Payne, Jr. He testified that his first knowledge of the paving work that was being done was obtained when he arrived in San Antonio and saw that the caliche base thereof was down, at which time Shelton gave him a copy of the contract sued on; whereupon he told appellee's superintendent that no adequate provision had been made for drainage and if and when this had been corrected, to "keep going," but that if he didn't make the suggested "valley" in the paving he could not proceed. He did not say anything to "any of the Hills" regarding Shelton's lack of authority, and he did not fire Shelton for exceeding his authority. He later paid $2,000 to appellee. He also said that after the paving was finished he told J. W. Hill, Jr., one of the partners in J. W. Hill Construction, to correct the drainage and get releases from the adjoining property owner "and the apartment house people," after which he would pay the balance of approximately $200 owing "according to the agreement." He further testified that the whole apartment building had been accepted and that his company (appellant) had been paid in full for it, after which, a complaint having been made concerning drainage, appellee installed a curbing to deflect rain water into the street, and that since then there have been no complaints about water drainage. He admitted that his company owed the $102 for the crane, although he considered the charge excessive.

■ It is our opinion that these facts amply supported all of the court's findings of fact. The first five points of error are overruled.

■ By its sixth point of error appellant asserts breach by appellee of its agreement to obtain approval by the neighbors of the curbing erected by it. It is undisputed that after completion and acceptance of the entire building and payment to appellant of the full amount of the general contract a heavy rain occurred and that some of the rain water backed up in the building and some drained onto the adjoining lot owned by one Elkins; that when this was called to the attention of J. W. Hill, Jr. he agreed to erect the curbing to deflect the water into the street and to obtain an approval of this method from Elkins. The curb was built but the approval was not obtained. The trial court evidently entertained the view that the contract was substantially performed by appellee and that appellee was entitled to the unpaid balance of the contract price even though it had not obtained Elkins' approval. We agree.

■ The agreement to obtain Elkins' approval of the curbing was not a part of, but was at variance with, the prior contract. It is well settled that when a subsisting written contract is attempted to be amended or modified by a subsequent oral agreement, the latter must be supported by a consideration. Lacking this essential element, the agreement in question was void and unenforceable and its breach by appellee would not excuse performance of the main contract by appellant. Bates Grain Co. v. Cassidy, Tex.Civ.App., 225 S.W.2d 1018, wr. ref. n. r. e.; Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222, no wr. hist. Appellant's sixth point of error is overruled.

■ The seventh point of error asserts that the judgment appealed from was "impossible" because the court's finding that Shelton had apparent authority to make the contracts conflicts with its finding that appellant ratified such contracts. We fail to see any such fatal conflict. While the finding of apparent authority may have been sufficient in itself to support the judgment, making the finding of ratification superfluous, the findings are not inconsistent and

do not present an irreconcilable conflict. Both could be true. The seventh point is overruled.

The judgment appealed from is

Affirmed.